CHESTER H. KRUM, ADMINISTRATOR OF D. W. BELL, Respondent, v. THOMAS J. JONES ET AL., Appellants.

St. Louis Court of Appeals, March 8, 1887.

1. PLEADING—AIDER BY VERDICT.—A petition, whose defective statement of essential averments is supplemented by admissions of the answer, is sufficient after verdict.

2. PRACTICE, APPELLATE—EXCEPTIONS.—Where the only exception

saved by the motion for a new trial is, that the verdict is against
the evidence, the only question, aside from errors appearing on the
record proper, that will be examined on appeal is, whether the
verdict is supported by substantial evidence.

APPEAL from the Phelps County Circuit Court, C.
C. BLAND, Judge.

*Affirmed.*

A. CORSE, for the appellant : The petition will not
support the verdict. *Bowie v. Kansas City*, 51 Mo.
454.

DOUGLAS & SCUDDER, for the respondent : A de-
fective pleading is aided if the adverse party answer in
such manner that an omission or informality be ex-
pressly or impliedly supplied or rendered formal.
*Garth v. Caldwell*, 72 Mo. 629. Exceptions not saved
in the motion for a new trial will not be considered on
appeal. *Chapman v. White*, 52 Mo. 179.

ROMBAUER, J., delivered the opinion of the court.

A special appeal was granted in this case, upon ex-
hibition of a transcript of the record, by which it ap-
peared that the petition, as set out in the transcript,
failed to state a cause of action, and could not support a
judgment for the plaintiff, rendered by the trial court.

A stipulation has since been filed in this court, by
which it appears, that the petition on which the cause
was tried was not embodied at all in the transcript thus
exhibited, such transcript containing only a copy of an
account stated, which was filed with the petition. The
petition had been lost or mislaid, and was thus omitted
by the clerk, in making out the transcript.

The petition on which the cause was tried has been
supplied by agreement between the parties, and, although
inartificially drawn, is not devoid of any essential aver-
ment warranting a recovery. Its defective statements
are supplemented by admissions of the answer, so as to

render it unquestionably sufficient, after verdict. *Garth v. Caldwell*, 72 Mo. 629.

The action is upon an account stated. The answer admits the settlement and account stated, but claims that the settlement was made under a mistake of facts, and further claims that the defendants, prior to the discovery of the mistake, had fully paid all that was due the plaintiff, and in fact overpaid him.

The cause was tried by the court, sitting as a jury, and the trial resulted in a judgment for the plaintiff. A motion for new trial was filed by the defendants, stating as the only grounds why a new trial should be granted, that the finding of the court was against the evidence and the law, and that there was no evidence to support the verdict.

As, under settled rules, governing appellate procedure, this court can, with propriety, review such alleged errors only, as have been called to the attention of the trial court by motion for new trial ; as the motion for new trial in this case saves no other point, but that the verdict is against the evidence, and as there is substantial evidence to support the verdict, it necessarily results that the judgment must be affirmed.

All the judges concurring, the judgment is affirmed.