MAGGIE McANDILESS, Respondent, v. THE METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, May 25, 1891.

Life Insurance : POLICY CONSTRUED. A policy of life insurance contained this provision : "$196. One-fourth of this sum payable if death occur after three calendar months and within six calendar months from date ; one-half of the above sum payable, if death occur after six calendar months and within one year ; except in case of consumption, when one-half of the amount which would otherwise be due, will be payable if death occur within the first year." Held, the provision in connection with the warranty that the applicant did not at the time of taking out the policy have consumption, which was made a part of the policy, means that if death be of consumption contracted after the policy issued, then defendant would be liable for one-half of what would be due, if death had been the result of some other cause ; and where, as in this case, the assured died of consumption more than six months and before a year after the issuance of the policy, the recovery cannot in any event exceed one-fourth of the amount named in the policy ; but if the assured was afflicted with consumption at the date of the policy there can be no recovery.

*Appeal from the Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

REVERSED AND REMANDED.

*Johnson & Lucas*, for appellant.

(1)  The court ought to have sustained the demurrer to the evidence.  Plaintiff by her application and policy

warranted : That she was in sound health ; that she did not have cancer, consumption or diarrhœa, and on the basis of these warranties the policy was issued. The evidence shows that plaintiff had either cancer or consumption, and was not in sound health at the time of of filing her application. *Day v. Ins. Co.*, 29 Am. Rep. 565 , *Ins. Co. v. Rogers*, 59 Am. Rep. 810. ( 2 ) The court erred in giving instruction, numbered 1, for plaintiff. The evidence of plaintiff and her physicians was that the insured died of consumption. Under the conditions of the policy, the recovery was limited to just one-half the amount the court declared plaintiff was entitled to recover. ( See terms of policy. ) ( 3 ) The court erred in refusing instructions, numbered 1, 2 and 3, asked by defendant. If the deceased died of consumption or cancer of the womb, there could be no recovery ; there having been an express warranty in the application of the non-existence of either of these diseases. *Scoles v. Ins. Co.*, 42 Cal. 523 ; 4 Wait's Act. & Def. 93.

*Robinson, O 'Grady & Harkless*, for respondent.

( 1 ) The second point in their brief is that the court ought to have sustained a demurrer to the evidence, because plaintiff stated by her application and policy that she was in sound health, that she did not have cancer, consumption or diarrhœa, and on the basis of these warranties the policy was issued, and that the evidence showed that the deceased had either cancer or consumption. Now we respectfully submit that there is no testimony that she had cancer or consumption at the time the policy was taken out. The most that the defendant claims on this subject is in its own abstract of the testimony of Dr. Dibble and Dr. Drake, and the result of their testimony was that "she died of consumption, and not that she had it at the time the policy was taken out. The objection is also untenable, because

it ignores the waiver set up in reply that the agents of the plaintiff knew of the unsound health at the time they issued the policy. (2) The appellant makes the point in its brief that the court erred in giving the instruction, numbered 1, for the plaintiff, because they say that the evidence of the plaintiff and her physician was that the insured died of consumption. And that under the conditions of the policy the recovery was limited to just one-half of the amount the court declared the plaintiff entitled to recover. Now, in answer to this we make the specific points: *First.* That the motion for a new trial does not complain of this instruction as being erroneous, and it is too late to make it here. The correctness of this proposition does not require citations of authority to sustain it. The appellants evidently thought that their motion for a new trial complained of this instruction as being erroneously given, but all they say is that they want a new trial because the court did give it, and not because the court was in error in giving it. *Second.* But the court committed no error in giving the instruction, because the condition in the policy warrants it. *Third.* But both parties tried the case below and submitted it to the jury, or at least attempted to do so, upon the theory that the plaintiff, if entitled to recover at all, was entitled to recover half of the $196. And the defendant, in the instructions which it asked, bottomed its case on the theory that if she died of consumption then plaintiff could not recover at all, so it is evident that both parties tried the case on the theory that the question of consumption or no consumption was decisive of the whole case, and defendant ought not now be allowed to change face on that theory, even if they had saved it in their motion for a new trial. (3) Defendants next contend that the court erred in refusing their instructions, numbered 1, 2 and 3. In answer to this, we have to say that the instructions, numbered 1 and 3, were properly refused, because they ignored the special matter set up in the reply, to the effect that the

plaintiff's agent knew of the insured's condition and made his own examination and acted as his own physician. And in regard to instruction, numbered 2, also refused, we say that the same ought to have been refused, because it assumes that there is no evidence that Lillie had consumption or cancer of the womb, to defendant's knowledge, and this is in direct conflict with the evidence, to the effect that the agent knew of her ill health and was possessed of the information putting him on the inquiry, and made his own examination and assumed the risks, and thus wholly ignores the matter set up in the replication. Instructions, numbered 1 and 2, were properly refused, because, even though she died of consumption, it does not absolutely prevent recovering under the policy.

ELLISON, J.—This action is on a policy of life insurance. The judgment was for plaintiff in the sum of $101.85, being one-half of the policy and interest. The material allegations of the petition are as follows: "*Second.* That on the twenty-second day of October, 1888, at Kansas City, Jackson county, Missouri, the defendant, in consideration of the weekly payment by Lillie M. McAndiless to it of ten cents, made to the plaintiff their policy of insurance in writing herewith filed, and thereby insured the life of Lillie M. McAndiless in the sum of $196, for the use and benefit of said plaintiff. *Third.* That it is provided in said policy that if said insured shall die within six calendar months after said twenty-second of October, 1888, that in that case only one-half of said sum shall be due and payable. *Fourth.* That said Lillie M. McAndiless died on the twenty-eighth day of April, 1889. *Fifth.* That the said plaintiff had a valuable interest in the life of said Lillie M. McAndiless at the time of her death, and at the time said insurance was procured by said Lillie M. McAndiless, to-wit, said Lillie M. was the daughter of said plaintiff. *Sixth.* That said plaintiff

furnished the said defendants satisfactory proof of the death of said Lillie M. McAndiless, and otherwise performed all of the conditions of said policy of insurance. *Seventh.* That said defendant has not paid the said sum of $98, or any part thereof."

The material portions of the answer are as follows: "*Fifth.* It says that defendant was induced to make and deliver said policy of insurance by the fraudulent concealment and misrepresentations of the plaintiff, and of the said Lillie M. McAndiless, made to defendant, of the following facts known to the plaintiff and to the said Lillie M. McAndiless, the same being material to the risk taken in the insurance and delivery of said policy, and not known to defendant, and which if known would have caused defendant to refuse to issue or deliver said policy, to-wit: The said Lillie M. McAndiless was in unsound health, and was also under medical treatment for, and was afflicted with, the disease known as cancer of the womb, or with consumption, from the fifteenth day of February, 1888, to the day of her death, and was so afflicted on the twelfth day of October, 1888, the day that plaintiff made application for said policy, and on the twenty-second day of October, 1888, the day that said policy was issued and delivered, and continued to be so afflicted until the twenty-eighth day of April, 1889, when she died of one of said diseases, or of some other disease arising from said unsound health, unknown to defendant. That although it was and had long been known to both plaintiff and said deceased, at the time of the application made by plaintiff for said policy, that deceased had been and was suffering from and afflicted with one or the other of said diseases or some other disease, yet plaintiff in said application falsely stated and represented to defendant that deceased did not then have and never had had either of said diseases, and was in sound health, and said Lillie M. McAndiless, by her

McAndiless v. The Metropolitan Life Ins. Co.

signature upon said application, corroborated as far as she could said false statements."

The following reply was filed: "And further replying, states the defendant, by its agents, solicited and procured the deceased to take out said policy of insurance, and made its own examination, through its agents, of the physical condition of deceased at the time of issuing its policy, and knew the deceased's condition, asked its own questions as to her physical condition, and reduced her answers to writing, for and on behalf of itself; and knew the deceased's condition and took and assumed all risks of deceased, and made its own application to the company, and induced and procured the same of its volition and request, and in all matters acted in taking deceased's application, and making examination of her physical condition, and issuing the policy, as the agent of defendant and not of plaintiff; and if, as a matter of fact, plaintiff was not in good health at the time of said insurance, or suffering from any disease set up in the answer, defendant, its agents and solicitors knew said facts at the time, and deceased's full condition, and, knowing the same, issued said policy, and should be estopped from now setting up said facts even if the same were true."

The application contained a warranty of the truth of the answers given, and deceased answered that she had not then and never had cancer or consumption. The policy contained the following provision: "$196, one-fourth of the above sum payable if death occur after three calendar months, and within six calendar months from date; one-half only of the above sum payable if death occur after six calendar months, and within one year; and the full amount only if death occur after one year; *except in case of consumption, when but one-half the amount which would otherwise be due will be payable if death occur during the first year.*" The court gave for plaintiff the following instructions: "If you find for the plaintiff, the

amount of your verdict will be for the sum of $98 with interest at six per cent. per annum from the tenth day of July, 1889." The court refused to give the following instructions for defendant: "If the deceased died of consumption or cancer of the womb, the plaintiff cannot recover, unless you are satisfied that, at the time of making the application offered in evidence, the plaintiff did not have either of said diseases.

"2. There is no evidence before the jury that defendant knew that Lillie McAndiless had either consumption or cancer of the womb, and, if, at the time of making said application, she had either of said diseases, plaintiff cannot recover; and this is true, although you may believe that at the time of making said application said Lillie McAndiless was sick, and this fact was known to defendant's agent.

"3. If you believe from the evidence that in answer to the question, 'Is said life now in sound health?' Lillie McAndiless answered, 'Yes,' and, at the time of so answering the same, said Lillie McAndiless was not in sound health, your finding must be for the defendant."

From the foregoing it will be noticed that the policy provides that if the assured died more than six months, and within one year, from the date of the policy, one-half of the amount of the policy should be payable. Our construction of the foregoing provision, in connection with the warranty which was made a part of the policy, is that, if death be of consumption contracted after the policy issued, then defendant would be liable for one-half of what would be due if death had been the result of some other cause. So, that in this case, though the assured died more than six months and within one year after the issuance of the policy, and defendant would ordinarily, under the terms of the policy, be liable for one-half of the amount, yet, if the death was from consumption contracted since the policy was issued, the liability would be reduced

one-half of what would otherwise have been due. And, since the case shows that she did die of consumption, one-half of the amount sued for is all that can be recovered in any event. If, however, the assured was afflicted with consumption at the date of the policy, defendant would not be liable for any sum. For, as to this, she has warranted that she did not have that disease at that time. It follows from this, that plaintiff's instructions should not have been given, and that numbers 1 and 2 for defendant should not have been refused.

The foregoing, perhaps, renders it unnecessary to pass upon the third refused instruction. The judgment will be reversed, and the cause remanded. All concur.