# J. W. WHIPPLE, Respondent, v. PETER COOPER BUILDING AND LOAN ASSOCIATION, NUMBER 4, Appellant.

## St. Louis Court of Appeals, December 19, 1893.

1. **Pleading: INSTRUCTIONS.** A plaintiff must recover, if at all, on the cause of action stated in his petition. Accordingly, when the petition alleges one contract and its breach, and the answer denies these allegations and states another and wholly different contract, an instruction which authorizes a recovery for the breach of the latter contract is erroneous.

2. **Practice, Trial: MOTION FOR NEW TRIAL: EXCEPTIONS TO INSTRUCTIONS.** Exceptions to instructions given by the court need not be taken specifically; a general exception addressed to the instructions, in the aggregate will suffice

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

REVERSED AND REMANDED.

*Frank E. Richey* and *W. M. Kinsey* for appellant.

The court erred in submitting the case to the jury upon an issue of fact not raised by the petition. *Glass v. Gelvin*, 80 Mo. 297; *Clements v. Yeates*, 69 Mo. 625; *Stix v. Matthews*, 75 Mo. 99.

*Edmond A. B. Garesche* and *William L. Murfree* for respondent.

ROMBAUER, P. J.—The only substantial question arising on this appeal is, whether the court erred in submitting, by an instruction to the jury for their finding, an issue not made by the pleadings. The point arises in this manner: The petition charges the following facts. The plaintiff, being about to build a

house, borrowed from the defendant the money for so doing. By the terms of the loan the defendant undertook to become the plaintiff's disbursing agent, and agreed to superintend the erection of the house, and to audit and pay all bills out of the money loaned. It was part of the defendant's duty, under the contract, to take from the contractor a bond of indemnity to protect itself and the plaintiff against mechanic's liens filed against the building. It also became the defendant's duty, under the contract, not to pay to the contractor at any time an amount, rendering the total payments made to him in excess of eighty per cent. of the sums actually expended by him. The petition then avers that the defendant violated its aforesaid duties by failing to take from the contractor the aforesaid bond of indemnity, and also by paying him in excess of eighty per cent. of his expenditures; that the contractor absconded, leaving a number of claims against the building unpaid, whereupon sundry persons filed liens against the building for labor and material to the amount of $680.66. These liens the plaintiff paid for the protection of his property, and he now prays for judgment for this amount against the defendant.

The answer of the defendant denies these allegations, and states, in substance, that the indemnity bond mentioned in the petition was waived by the plaintiff in consideration that the defendant would disburse under plaintiff's order the money arising from the loan, and applicable to the building, for the payment of material-men, laborers, and others; that the defendant did disburse all the money under plaintiff's orders, so that no lien accrued by reason of any neglect on the part of defendant; that the liens were the result of the contracting by plaintiff for a more expensive house than the money would pay for, the amount of the liens representing less than such excess.

The answer was denied by reply.

It will be thus seen that the issue presented by the petition is, that the defendant violated its contract obligations in failing to take an indemnity bond from the contractor, and in paying him in the aggregate over eighty per cent. of the amount of his expenditures, in consequence whereof certain liens were filed against the building, which liens the plaintiff was compelled to discharge. The answer of the defendant was a simple denial, an assertion that an indemnity bond was waived, and, as evidencing such waiver, an affirmative allegation that all moneys expended were expended upon plaintiff's orders. Touching the waiver of the indemnity bond by the concurrent action of the plaintiff and defendant there was no substantial controversy, and the court assumed that such waiver had been fully established. There was no evidence tending to show that the liens were the result of the defendant's dereliction, and the court did not submit that question to the jury. There was no evidence that the defendant had paid to the contractor more than eighty per cent. of his expenditures, the showing on that subject being at best conjectural, and no evidence whatever that an excessive payment to the contractor had anything whatever to do with the filing of these liens. There was irrefragable evidence that all the money paid out by the defendant, except the sum of $218, was paid out upon the plaintiff's orders. In regard to this $218 the evidence was conflicting. This money had been paid to the contractor by the defendant, and the plaintiff admitted that one subsequent payment for $274 was made to the contractor by the defendant upon his, the plaintiff's order, given with a full knowledge of the previous payment of $218.

This being in substance all the evidence bearing upon the point of inquiry, we must hold that the court

erred in giving on its own motion the following instruc-
tion:

"The court further instructs the jury that, if they
find from the evidence that defendant paid out the
$8,500 in question, $2,350 at the direction of plaintiff
on his lot in question, and the balance, except $218.39,
under and in pursuance of the orders signed by plain-
tiff and offered in evidence, then the court instructs
you in reference to the second count in plaintiff's
petition, he is not entitled to recover for anything,
unless it be for $218.39 paid by defendant to Clayton
.on or about August 11, 1891; and if you find and
believe from the evidence that said sum of $218.39 was
paid by defendant to Clayton at the direction or request
of plaintiff, or that, after such payment had been made,
plaintiff ratified and acquiesced in such payment, then
you will find in favor of defendant on said second
count. But if you find and believe from the evidence
that said payment was not made at the direction or
request of plaintiff, and that he did not afterward ratify
or acquiesce in the same, and further find from the
evidence that said sum, when paid, was in excess of
eighty per cent. of the sum which had actually been
expended upon said building in question, and that it
was the understanding and agreement of the parties
that defendant should not pay to-said Clayton or to his
subcontractors and material-men at any time more
than eighty per cent. of the sum actually expended on
said building, then the jury will find for the plaintiff
on said second count for the sum of $218.39 and
interest thereon at the rate of six per cent. per annum
since the date of filing this suit, viz., February 23,
1892."

It has always been the law of this state that the
plaintiff must recover, if at all, on the cause of action
stated in his petition. It is only when the variance

between the allegation in the pleading and the proof is not material, but the court may direct the fact to be found according to the evidence, or may order an amendment of the pleadings. Revised Statutes, 1889, section 2097. As the trial issues must be within the paper issues, instructions must be framed with regard to the paper issues made. *Link v. Vaughn*, 17 Mo. 585; *Ensworth v. Barton*, 60 Mo. 511; *Hubbard v. Railroad*, 63 Mo. 68; *Iron Mountain Bank v. Armstrong*, 62 Mo. 70; *Clements v. Yeates*, 69 Mo. 623; *Stix v. Mathews*, 63 Mo. 371; *Glass v. Gelvin*, 80 Mo. 297; *Feurth v. Anderson*, 87 Mo. 354.

An insufficient averment in a petition may be helped out by an answer supplementing it; *Krum v. Jones*, 25 Mo. App. 71; *Henry v. Sneed*, 99 Mo. 407; but, in such an event, the recovery is still on the petition and not on the answer. Where the petition states one contract, and the answer states another and wholly different contract, denying the contract stated in the petition, we are aware of no rule which would entitle the plaintiff to a recovery upon a bare showing that the defendant had not complied with the contract stated in the answer. The case last put presents a case of failure of proof and not of variance, and is governed by section 2238 of the Revised Statutes and not by the provisions of sections 2097.

The plaintiff claims that this point has not been properly saved. The bill of exceptions recites that the defendant excepted to the instructions using the noun in the plural. The motion for new trial, complains of this particular instruction, and of the fact that the case was submitted to the jury upon an issue of fact not raised by the pleadings. The practice in many states requires specific exceptions to the charge of the judge, and disregards exceptions taken to instructions as a whole, unless the whole charge is erroneous. The

practice in this state, however, has always been to the contrary, and an exception to instructions generally was always considered sufficient without pointing out in detail the specific instruction challenged.

It results that the judgment must be reversed and the cause remanded. So ordered. All concur.