MARTHA A. SUMMERS, Respondent, v. FIDELITY MUTUAL AID ASSOCIATION, Appellant.

| 84 | 605 |
| 96 | ²265 |

Kansas City Court of Appeals, June 4, 1900.

1. **Insurance: PLEADING: ISSUE PRESENTED BY ANSWER AND REPLY.** A policy insured against death by external, violent, etc., means. The petition failed to allege that death was caused by such means. The insurer alleged that death did not occur by such means and this the reply put in issue. Held: The defect in the petition was cured.

2. ———: **BEGINNING OF LIABILITY: ACCEPTANCE OF PREMIUM.** A policy was applied for December 30th and issued January 4th, the death occurred November 27th following. The policy provided that it must be in force twelve months prior to death before the insurer would be liable. Held: The acceptance of a premium for one year rendered the insurer liable notwithstanding the provision; and the fact that the policy provided for other insurance than death makes no difference since the premium was not apportioned.

3. ———: **CONFLICT OF LAWS: LIMITATION: MISSOURI CONTRACT.** An insurer organized under the laws of California where the contractual limitation for bringing suit is valid though less than the statutory period, provided in its application signed by the assured that the contract should be a California contract. In fact the contract was made in Missouri where the insurer was licensed to do business. Held: Insurer can not introduce into its policies terms which are forbidden such corporations by Missouri laws.

4. ———: **ACCIDENT PRODUCING HERNIA: STIPULATION AGAINST LIABILITY.** A policy of accident insurance exempted the insurer from liability where the death was caused by hernia. This stipulation could not release the defendant where the hernia itself was caused by accident.

5. ———: ———: **EXTERNAL, VIOLENT AND ACCIDENTAL MEANS.** A "hostler helper" in a railway shop while lifting a truck gave down and soon died by reason of hernia plainly showing visible marks on his person. Held: Death was accidental within the provisions of the policy.

6. ——— : ——— : JURY QUESTION: APPELLATE PRACTICE. Since the question whether deceased had been previously afflicted with hernia or not was properly left to the jury, the appellate court accepts the result as there was evidence to send it to the jury.

7. ——— : ——— : EVIDENCE. An objection to a physician's stating that the hernia was caused by an accident is not discussed since such fact was established otherwise and not denied.

Appeal from the Gentry Circuit Court.—*Hon. C. A. Anthony*, Judge.

AFFIRMED.

*Peery, Lyons* and *J. L. McCullough* for appellant.

(1)   There is no allegation in the petition that the injuries from which Summers died were incurred by him through external, violent and accidental means; nor are there any facts concerning said injuries alleged from which it can be inferred that the means were external and violent. "An allegation to this effect is essential to support a judgment for plaintiff." Hester v. Fid. & Cas. Co., 69 Mo. App. loc. cit. 186.   (2) The motion for judgment on the pleadings should have been sustained.   The reply admits that the certificate had not been in force twelve months at the time of the death of the member.   Death benefits were not to be payable unless the certificate had been in force "for twelve months immediately prior to the happening of the accident or beginning of illness causing death." This provision in the contract and by-laws is legal and binding on the member.   Hirsch v. Grand Lodge, 56 Mo. App. loc. cit. 101-103; McAndiless v. Ins. Co., 45 Mo. App. 578; Ins. Co. v. Drahc, 101 Pa. St. 278; 2 May Ins. (3 Ed.), sec. 424a; Wilcox v. Sov. Camp. W. O. W., 76 Mo. App. 573; Whitmore v. Sup. Lodge, 100 Mo. 36; Taylor v. Grand Lodge, 29 N. Y. Sup. 773; Sup. Temp. K. of M. v. Hammers, 81 Ill.

App. 560; Weber v. Ben. Soc., 52 N. E. Rep. (Ind. App. 1899) 462; Columbia, etc., Ass'n v. Hopper, 53 N. E. Rep. (Ind. 1899) 1051; Barnett v. Farmers' Mut. Co., 73 N. W. Rep. (Mich. 1898) 372; Froehly v. Ins. Co., 32 Mo. App. 302; Harvey v. Grand Lodge, 50 Mo. App. 472; Hirsch v. Grand Lodge, 56 Mo. App. 101; Chadwick v. Triple Alliance, 56 Mo. App. 463. (3) The peremptory instruction should have been given for the further reason that there was no evidence that deceased came to his death from injuries received by "external, violent and purely accidental means." Fever v. St. T. M. Assn., 78 N. W. Rep. (Iowa, 1899), 252; Southard v. Ry. Pass. Assur. Co., 34 Conn. 574; Cobb v. Mut. Ass. Ass'n, 96 Ga. 818; Clidero v. Acc. Co., 29 Scott L. Rep. 303. (4) It should have been given for the further reason that the suit was not brought within the time limited in the policy. The evidence shows that the application or proposal for this policy was sent by the deceased to the defendant in the state of California with the necessary dues; that it was approved and accepted there, and the necessary certificate issued there, and deposited in the mails addressed to the insured; that it became a completed contract on its issuance; that nothing remained to be done, either as to countersigning or collecting dues or anything else. In addition to all this, the application and certificate provide that it shall be considered a California contract and that the benefits shall be payable there. Lawson on Cont., secs. 31e, 32; 3 Am. & Eng. Ency. of Law [1 Ed.], p. 551, note; Ins. Co. v. Simons, 52 Mo. App. 357; Ins. Co. v. Railroad, 149 Mo. 179; U. S. v. Carolina, 136 U. S. 222; Glenn v. Liggett, 135 U. S. 548; Liverpool Co. v. Phenix Co., 129 U. S. 453; Johnson v. Ins. Co., 78 N. W. Rep. (Iowa, 1899) 905; Galloway v. Ins. Co., 31 S. E. Rep. (W. Va. 1898) 969; Ins. Soc. v. Trimble, 83 Fed. Rep. 85; Harrington v. Ins. Co., 59 Pac. Rep. (Cal.) 180; Cred. Co. v. Mfg. Co., 95

Fed. Rep. 111; Ins. Co. v. Pollard, 94 Va. 715; Horton v. Ins. Co., 52 S. W. Rep. (Mo.) 356.

*Aleshire & Benson* for respondent.

(1) The insufficiency of plaintiff's petition complained of by appellant, if it be so considered, is cured by appellant's answer and its instructions given to the jury, thus putting in issue the very matters complained of. The courts lay down the following as the governing rule: "Any omission to state a material fact in a pleading will be obviated if the pleading of the opposite party put the matter in issue." Garth v. Caldwell, 72 Mo. 622; Hughes v. Carson, 90 Mo. 399; Allen v. Chouteau, 102 Mo. 309; Keen v. Munger, 52 Mo. App. 660; Krum v. Jones, 25 Mo. App. 71; Grace v. Nesbitt, 109 Mo. 15. (2) Appellant's contention in point 2 is not tenable, and the authorities cited have no bearing in this case for the reason, if for no other, that appellant is not a mutual assessment company, but, on the contrary is an old line insurance company. By reason of appellant's requiring the insured November 1, to pay the balance of a year's dues by arbitrarily retaining it from his sick benefit is a complete waiver of the condition and by-law stipulating that a certificate must be in force twelve months. The defendant had a right to make this waiver. Thassler v. Life Ass'n, 67 Mo. App. 508; Jacobs v. Life Ass'n, 142 Mo. 58; Life Ins. Co. v. Clements, 140 U. S. 226. We agree with appellant in that part of its brief on page 62, in which it says that the policy is only binding for such periods for which premiums have been paid. Nickell v. Ins. Co., 144 Mo. 420, and cases cited. Also see Rickey v. Ins. Co., 79 Mo. App. 489; 1 Bacon on Benevolent Soc. and Life Ins. (2 Ed.), sec. 85, bottom of p. 138; Brailey v. Coachman Ass'n, 39 N. Y. St. Rep. 181; 28 Am. and Eng. Ency. of

Law, p. 550. (3) As to the breach of the warranty concerning the theory of hernia, the question appellant so strongly contends for, and, really the point it lays most stress on, will not prevent liability, for the reason that the evidence in the case does not show that insured was afflicted with hernia when the application was made. (4) We do not think it necessary to cite numerous authorities to show this court that a foreign insurance company can not by a contract of its own, or provisions in its policies blot out and repudiate the statutes of a state in which it is authorized to do business, either by the limitation in the time for bringing suits or the place of bringing suit. R. S. 1889, sec. 2394; Karnes v. Ins. Co., 144 Mo. 413; Brower v. Sup. Nat. Reserve Ass'n, 74 Mo. App. 493; Price v. Ins. Co., 48 Mo. App. 294; Cravens v. Ins. Co., 148 Mo. 607, and cases cited.

ELLISON, J.—Plaintiff's petition is based on what defendant terms a certificate of accident insurance, but which plaintiff designates in her petition as an accident policy. Whether it be one or the other is of no consequence, since it contains the contract of insurance upon which plaintiff relies for recovery and upon which defendant relies for defense. The judgment below was for plaintiff.

The defendant is a corporation of the state of California, and is doing business in this state under our laws.

1. The policy insured deceased against such bodily injuries of which there shall be visible marks upon the person as are effected directly and solely by external, violent and purely accidental means." And it is claimed that the petition is fatally defective in failing to allege that deceased's death was caused by means external or violent. Hester v. Ins. Co., 69 Mo. App. 186. Conceding the petition to be defective in the respect mentioned, it is expressly aided and cured by the answer of defendant wherein it is alleged that

the death did not so occur; and the reply puts the latter allegation in issue.     Garth v. Caldwell, 72 Mo. 622; Hughes v. Carson, 90 Mo. 399; Allen v. Chouteau, 102 Mo. 309; Keen v. Munger, 52 Mo. App. 660; Krum v. Jones, 25 Mo. App. 71; Grace v. Nesbitt, 109 Mo. 15.

2.     The policy of insurance provided:     "The association shall only be liable for indemnity for death, either the result of accident or sickness, when this certificate has been in force, without intervening deliquency (unless reinstated as provided herein) for twelve months immediately prior to the happening of the accident or beginning of illness causing death."     The application made by the deceased for membership and insurance is dated December 30, 1896, and the certificate or policy is dated January 4, 1897; the death occurred on November 27, following.     The deceased had, therefore, not been a member of the assocation for twelve months prior to his death and defendant contends that under the provisions just quoted, it is not liable to plaintiff as beneficiary.     But it appears that defendant collected of deceased a whole year's premium.     His death having occurred within the period for which the premium had been paid, a liability attached notwithstanding the provision aforesaid. The defendant can not be permitted to collect a premium in advance covering a definite future time and then (when the contingency happens which the premium collected was designed to insure against) repudiate the act.

This provision is not like those in Hirsh v. Ins. Co., 56 Mo. App. 101 and McAudiless v. Ins. Co., 45 Mo. App. 578, and other case cited.     In this case the deceased was insured against death by accident and a certain sum covered the premium for such insurance for one year from the beginning of the contract.     The defendant collected that sum and thereby, in effect, said to the assured that "this contract binds to the expiration of this payment."     It makes no difference

that the policy provided for other insurance than death. The premium collected was not separately apportioned to the different kinds of insurance but covered it all, which, necessarily, includes the parts.

3. The application for the policy contained a provision that "the contract when made shall be held and construed at all times and places to have been made in the city and county of San Francisco, Cal." By the law of California, a contractual limitation for bringing suits on insurance policies is valid though the period is less than the ordinary period of limitation. In this state such contracts are held to be void by reason of our statute. Brown v. Ins. Co., 74 Mo. App. 493; Karnes v. Ins. Co., 144 Mo. 413. In this policy it is provided that suit shall be brought within a period of ninety days after the cause of action shall have accrued. This action was not begun within that time. It is therefore contended that the law of California applies and not that of Missouri.

Whether this contention can be sustained depends upon where the contract was in fact made and was to be enforced. The mere statement in advance, in the application, that it shall be a California contract will not be allowed to control or subvert the fact. And it appears clearly that, in point of fact, it was a contract made in Missouri with defendant's authorized agent. So it must be considered that it was also to be enforced here, if the necessity should arise. The defendant had a license to do business from the proper authority in this state, that is, to make contracts of insurance in this state, and it is compelled by law to submit to the service of the process of the courts of this state in all actions brought on its contracts. In pursuance of this authority its agent made this contract of insurance. The contract having been made in this state by a corporation doing business under license from this state, can not be allowed to

introduce into its policies terms which are forbidden such corporations by our laws. This branch of the case is so fully covered by Judge Burgess in Cravens v. Ins. Co., 148 Mo. 583, that it is only necessary to refer thereto without further comment. Nothing appears in the case of Horton v. Ins. Co., 151 Mo. 604, which breaks the force of that case.

4. There is a provision indorsed on the policy exempting the defendant from liability where the death is caused by hernia. There is no doubt that in this case the death was caused by hernia, but it was hernia which was itself caused by an accident. In accident insurance, where a person is insured against bodily injuries which are effected by external, violent and accidental means, and an accident produces the hernia causing death, the insurer will be liable. For the insurance is against accidents and if hernia result from the accident, it will no more exempt the insurer than if it had not been named as a cause of exemption.

5. The evidence shows deceased to have been a "hostler helper" in railway shops. While engaged in attempting to lift a heavy truck he suddenly "give down" and said "I am hurt." He was taken on a car to the round house and thence went home, where he shortly thereafter died. It was found that he was afflicted with hernia. It showed itself plainly by visible marks and indications upon his person, and thereby fulfilled that part of the provision of the policy heretofore set out.

6. We are also satisfied that it was an accident produced by external or violent means, as those words are used in the provision aforesaid.

In this connection defendant has made a strong effort to overthrow the judgment by the claim that the deceased was afflicted with hernia for many years prior to this accident and that the accident was a mere aggravation of an old and

still existing ailment. The issue of fact thus made was properly presented to the jury and we accept the verdict as having settled the question here. An examination of the evidence has led us to the conclusion that there is enough on that subject to uphold the result. The fact that many years before this accident deceased was hurt and afterwards wore a truss is not conclusive in the light of the evidence ·given by the physicians who attended him in his last sickness, and who had occasion to examine him four years before. His wearing the truss may have been a cautious and preventive measure.

7. Objection is made that the court permitted the physicians to state that hernia was "caused by an accident." We deem it unnecessary to enter into a discussion of this point since we deem it to have been clearly and indisputably established that such was its cause. Indeed, it is not denied. The only inference defendant suggests, as shown by the examination of witnesses, is that it was caused by an accident some years ago and not the one ending in his death. We can not discover any ground for interference and hence affirm the judgment. *Smith, P. J.*, concurs; *Gill, J.*, absent.