I. W. HAMILTON, Respondent, v. FRED MILLER BREWING COMPANY, Appellant.

Kansas City Court of Appeals, June 3, 1907.

1. **CONTRACTS: Frauds and Perjuries: Performance Within a Year: Writing.** A contract not to be performed within a year from its making must be entirely in writing to be valid upon the Statute of Frauds and cannot be helped out by parol evidence.

2. ———: ———: **Pleading: Answering Over: Issue.** The petition on a contract within the Statute of Frauds averred that the contract was partly in writing and partly oral. The answer was a general denial with a statement of the contract in writ-

ing setting up certain verbal matters as inducements to the contract. A reply to the the introduction of any evidence at the trial was overruled. *Held,* a petition which would be readily ruled to be defective if demurred to may be aided by answer and when an issue is tried which is tendered by an answer, complaint afterwards comes too late. The defendant should abide by the result of an issue that he aided in making.

3. **EVIDENCE: Frauds and Perjuries: Motion to Strike Out.** *Held,* the motion to strike out certain evidence because of the Statute of Frauds was properly overruled.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover,* Judge.

AFFIRMED.

*Metcalf, Brady & Sherman* for appellant.

(1) The petition does not state facts sufficient to constitute a cause of action. Miller v. Banking Co., 53 Mo. App. 433; Sharp v. Rhiel, 55 Mo. 97; Warren v. Mfg. Co., 161 Mo. 112; Biest v. Shoe Co., 70 S. W. 1081; Townsend v. Hawkins, 45 Mo. 286; Weil v. Willard, 55 Mo. App. 378; Ringer v. Holtzclaw, 112 Mo. 522; Helmers, Bettman & Co. v. Nagle & Co., 112 Mo. App. 202; Rucker v. Harrington, 52 Mo. App. 491. (2) The court erred in overruling the defendant's motion to strike from the record all the testimony with reference to the verbal agreement. Bank v. Cushman, 66 Mo. App. 102; Newman v. Bank, 70 Mo. App. 135; Evans v. Mfg. Co., 118 Mo. 548; Tracy v. Iron Works, 104 Mo. 193; Pugh v. Ayres, 47 Mo. App. 590; Bruckman v. Dry Goods Co., 91 Mo. App. 454; Biest v. Shoe Co., supra; Rucker v. Harrington, supra; Warren v. Mfg. Co., supra; Miller v. Banking Co., supra; Sharp v. Rhiel, supra; Brown v. Bank, 5 Mo. App. 1; Berning v. Medart, 56 Mo. App. 443; Rutledge v. Railroad, 123 Mo. 121.

*T. A. Witten* for respondent.

(1) If the petition failed to state a cause of action the defendant cured it by its answer, in which it alleged facts that showed plaintiff had a good cause of action. The petition declared on a contract partly written and party parol. The answer admitted that the contract was wholly in writing. Sommers v. Aid Assn., 84 Mo. App. 605; Garth v. Caldwell, 72 Mo. 622; Hughes v. Carson, 90 Mo. 399; Allen v. Chouteau, 102 Mo. 309; Keen v. Munger, 52 Mo. App. 660; Krum v. Jones, 25 Mo. App. 71; Grace v. Nesbitt, 109 Mo. 15. (2) There was no error in refusing to strike out the testimony about conversations between plaintiff and defendant at the time the terms of the contract were agreed upon, because they were essential, both to explain the written contract, which was meager and obscure, and because, since not a part of the contract, they were general instructions to the plaintiff about his employment and were proper on the issue of whether he had violated such instructions. (3) Defendant itself asked an instruction that unless the jury found that the contract was partly parol and partly written they would find for defendant; the converse of which, of course, was that if they did so find, they would find for plaintiff; and defendant cannot now complain of the verdict upon any theory.

ELLISON, J.—This is an action on a contract for services. The plaintiff prevailed in the trial court. There are but two points preserved in the motion for new trial. One relates to the Statute of Frauds and the other to the admission of testimony as to what defendant claims was verbal portion of the contract made prior to the writing, which likewise is made to depend upon the statute.

The petition declares on a contract not to be performed within one year from *its making,* it was there-

fore a contract necessary to be in writing to be valid under the statute of frauds. [Miller v. Goodrich Bros., 53 Mo. App. 430.] The petition further declares that the contract was partly in writing and partly verbal. Under the Statute of Frauds it is necessary that the entire contract be in writing, it cannot be helped by oral evidence. [Warren v. Mayer, 161 Mo. 112; Ringer v. Holzclaw, 112 Mo. 522; Rucker v. Harrington, 52 Mo. App. 481.]

But in this case there was no demurrer and there is no plea of the statute in the answer. The answer contains a general denial and then states the whole contract was in the writing, which it pleads *in extenso*, being the same one pleaded in the petition. The answer then sets up certain verbal matters under the guise of verbal representations as inducements to the contract. But taking it as a whole, it is manifest that it too states a contract partly written and partly in parol. As already stated, there was no demurrer to the petition, nor was any objection taken to the answer. An objection was made by defendant after the trial opened to the admission of any evidence under the petition. That is a practice which the appellate courts of the State say is tolerated but is not commended. It is a rule of pleading that a petition which would be readily ruled to be defective if advantage was taken of the defect by demurrer, may be aided by the answer. [Summers v. Ins. Co., 84 Mo. App. 605; Grace v. Nesbitt, 109 Mo. 15.] In the latter case it is said that when an issue is tried which is tendered by the answer a complaint afterwards "comes too late." And that "Defendants must be consistent and abide the result of an issue they aided in making." If we concede that from the nature of the statements in the petition there was no "express aider" in the answer as that term is known to pleading, yet it is certain that the answer is such as to cut off any right to complain of the petition, and

the trial court doubtless so regarded the case as made under issues tendered by defendant.

So we regard the trial court's ruling on defendant's motion to strike out all evidence concerning the verbal matters which passed between the parties, on the ground that it came within the prohibition of the Statute of Frauds. The Statute of Frauds, on account of the action of the parties, had been taken out of the case and the trial court took the case as it was presented. The result of defendant's position is that it should have been allowed to introduce parol evidence and that plaintiff should not. That would have been a privilege to which it would not have been entitled. The record discloses that the whole case has been fairly tried on grounds which the parties chose for themselves and we are satisfied with the result. The judgment is affirmed. All concur.