MINNIE RACKE v. ANHEUSER-BUSCH BREWING ASSOCIATION.

Delivered November 11, 1897.

**1. Landlord and Tenant—Holding Over.**

Merely holding over for a few days after the expiration of a lease for a year does not constitute an election under the option for an additional term of one or of two years, where, just before the expiration of the term, the lessee notified the lessor that it would not lease for the additional term of two years, and was prevented from surrendering promptly by the failure of its subtenants to vacate in obedience to its direction; and the tenancy created by the holding over is merely for a year.

**2. Judgment—Res Judicata.**

A judgment for rent for months subsequent to the expiration of the original term of a lease and to the surrender of the premises by the lessee is res judicata as to the existence of a new tenancy by reason of alleged holding over by a subtenant after the expiration of the original term, but it is not necessarily conclusive that the

holding over was an exercise of an option reserved by the original lease for an additional term of two years, where the lease also gave an option for a term of one year.

APPEAL from the County Court of Harris. Tried below before Hon. JOHN G. TOD.

*Coleman & Ross,* for appellant.—1. The holding over of the defendant created a tenancy for two years, and there was no obligation upon the plaintiff to rerent said premises when they were already leased to defendant, who was well able to pay the rents.

2. A tenant can not abandon his title; and notwithstanding he has gone out, unless the surrender is accepted by the landlord, his right of possession continues during the term. Welcome v. Hess, 50 Cal., 507; same case, 25 Am. St. Rep., 145, and note, p. 150.

3. If a tenant abandons the premises, the landlord may let them lie idle and recover rent for the whole term; or, in the language of the Supreme Court of Texas, "he can not defeat the right of the landlord to have the rent become due by his own voluntary abandonment of the premises." Marsalis v. Pitman, 68 Texas, 628; Respina v. Porta, 89 Cal., 464; same case, 23 Am. St. Rep., 488, and note, p. 490; Randall v. Thompson, 1 W. & W., C. C., par. 1102; 12 Am. and Eng. Encyc. of Law, 751; Schuisler v. Ames, 16 Ala., 73; same case, 50 Am. Dec., 168; Barlow v. Wainwright, 22 Vt., 88; same case, 52 Am. Dec., 79, 83.

4. The payment of the installments of rents, as presented in this suit, was not presented in No. 3221 and was not adjudicated, for such rents were not then due, and a recovery in that suit is in no manner a bar to a recovery in this. This is a suit for the enforcement of the plaintiff's right under a lease, and not for a breach of contract. Failure to pay subsequent installments of rent gave rise to a new cause of action. Vanfleet's Former Adjud., secs. 132, 346, and 210; Weiler v. Henarie, 15 Ore., 28; same case, 13 Pac. Rep., 614; Love v. Walz, 7 Cal., 250; 1 Encyc. Pl. and Prac., 155.

5. Every one of the alleged defenses of the defendant were presented in cause No. 3221, and verdict and judgment were adverse to it on said issues, and the said verdict and judgment are a bar to the further litigation of said issues in this cause. Vanfleet's Former Adjud., sec. 346; Love v. Waltz, 7 Cal., 250; Grant v. Ramsey, 7 Ohio St., 157; Kelsey v. Ward, 38 N. Y., 83.

6. A tenant under a lease giving him the option of holding for an additional term specified in the lease is bound for the additional term, if he holds over, notwithstanding the tenant may have notified the landlord that he did not wish to avail himself of the option to hold the premises for the additional term. Montgomery v. Commissioners, 76 Ind., 362; same case, 40 Am. Rep., 250; McBrier v. Marshall, 17 Atl. Rep., 647; Smith v. Bell, 47 N. W. Rep., 263; Scott v. Beecher, 52 N. W. Rep., 20; Bateman v. Maddox, 86 Texas, 546; Howeth v. Anderson, 25 Texas, 572; Lewis v. City of San Antonio, 80 Texas, 576; Schuyler v. Smith, 51 N.

Y., 309; same case, 10 Am. Rep., 609; Terstgge v. Ben. Society, 92 Ind., 82; same case, 47 Am. Rep., 135.

*Fisher & Sears*, for appellee.—1.   It being beyond dispute that appellee notified the appellant before the expiration of the first year that it (appellee) would not renew the lease, and it further being beyond dispute that the subtenants (Dunn and wife) remained in possession the thirteen days without the knowledge and against the orders of appellee (if not, indeed, through the direct solicitation of appellant), the appellee ought not to be held as having exercised the "privilege" mentioned in the lease, and would not be liable for more than the thirteen days' rent, or at least for not longer than one month.   Such facts absolutely rebut the intention of "holding over" under the lease.   Barrett v. Feary, 101 Ind., 95; 12 Am. and Eng. Encyc. of Law, 758; Cooper v. Jay, 63 N. W. Rep., 414; Am. Dig. 1895, sec. 176; Smith v. Alt, 4 Abb. N. Cas. (N. Y.), 205; 12 Am. and Eng. Encyc. of Law, 758.

2.   The appellant's former action in cause 3221 was brought after a total breach and a total repudiation of the (but) one contract, and hence appellant will not be allowed repeated suits based upon the breach and repudiation.   Lichenstein v. Brooks, 75 Texas, 196.

GARRETT, CHIEF JUSTICE.—This action was brought by appellant against the appellee for the recovery of rents for a storehouse in the city of Houston, leased by the appellant to the appellee on December 30, 1892, for a term of one year, with the privilege of an additional two years on the same terms and conditions as the one year's term.   The lease was in consideration of the sum of $600 for the year ending December 31, 1893, payable in installments of $50 per month in advance.   The appellee was in possession of the premises by subtenants, who held over until January 13, 1894, and by virtue of this holding over, the appellant contends that appellee was liable for rents for the additional two years mentioned in the agreement for lease.

The case was tried below by the court without a jury, and judgment was rendered in favor of the appellee, that plaintiff take nothing by her suit, and for costs.

During the month of December, 1893, the appellee notified the appellant verbally that it would not take the premises any longer than one year, and on December 29, 1893, gave the appellant written notice that it would not take them.   It also notified its subtenants to vacate the premises.   Appellant brought a suit on February 22, 1894, against the appellee, upon the same contract and tenancy by holding over, to recover rents for the premises for the months of January and February, and on May 9, 1894, filed an amended original petition in said suit to recover rents for five months, to wit: January, February, March, April, and May, at the rate of $50 per month, and alleged that the appellee had held the premises over for thirteen days, more or less, without any special agreement between them, except that set out in the lease and implied by law;

and that by such holding over the appellee became liable and promised the appellant that it would hold the said premises for the said term of two years from January 1, 1894.

The appellee answered in that suit by a general demurrer and general denial. There was a trial by jury, and the court instructed the jury, at the request of the appellee, that if they believed from the evidence, that previous to January 1, 1894, defendant, through its agent, Louis Illmer, notified the plaintiff that said association declined to continue on under the lease privilege after the first year, and that thereupon the plaintiff gave said Illmer reasonably to understand that she would allow the occupant of said premises to continue on in such possession as her tenant, then the defendant association would not, under the lease contract in evidence, be liable for rents subsequent to December 31, 1893. The jury were also fully charged upon the question of holding over in the general charge of the court. Judgment was rendered in that case in favor of appellant for $200 for rents, upon the verdict of the jury for that amount. In this case the appellee pleaded that judgment as a bar to any further suit for rents, and the appellant pleaded it as res adjudicata upon the questions of holding over, the manner in which the rent was to be paid, and the length of the term as two years. The court sustained the plea of the association, but overruled that of the appellant. The association was then allowed to introduce evidence to show that it had not, in fact, held over the premises, and testimony was heard on this defense. The appellant objected to all such evidence upon the ground that the fact of the appellee's liability by holding over was adjudicated in the first suit for the installments of rents recovered in that suit.

Undoubtedly the question of holding over was adjudicated in the suit brought for the rent installments, and can not now be tried again in this suit. Love v. Waltz, 7 Cal., 250; Grant v. Ramsey, 7 Ohio, 81, 157; Kelsey v. Ward, 38 N. Y., 83. By holding over, the appellee tacitly renewed the contract of lease. City of San Antonio v. French, 80 Texas, 575. The only question left open for determination in this suit is whether or not, by holding over, the appellee became a tenant for the term of one year or for the term of two years, for which it had an option given in the agreement. From the fact that it notified appellant that it would not lease the premises for the term of two additional years, both verbally and in writing, and also notified its subtenants that they must move out and give possession of the premises to the landlord, it appeared that the option was not intended to be exercised to take a further lease. The inquiry, therefore, is whether or not the mere fact of holding over was an exercise of such option for the additional years. The terms of the lease were, the tenancy for one year at the rate of $600, payable in advance monthly installments of $50 each. The provision in the lease that it might be renewed for two years was an option which the appellee notified the appellant it would not avail itself of, and this could not be said to be a part of the terms of the lease. Our conclusion is, that the holding over created a tenancy for one year only. The adjudication in the former suit

that there was a holding over did not necessarily determine that the holding over was for the term of two years, because that was not necessary to the recovery in the case, which was for monthly installments included in the first year. Appellant was not *estopped* by the former suit from bringing this. She could have brought suit every time an installment of rent accrued. Weyler v. Henarie, 15 Ore., 28. Nor could the appellant be subjected to damages for failing to let the premises to another to prevent rents accruing against the appellee. She could have done so, if she chose, and credited appellee with the rents, but she was under no obligation to do it.

The judgment of the court below will be reversed and judgment will be here rendered in favor of the appellant for the sum of $350 for seven months rent, with interest at the rate of 6 per cent. The petition in the former suit put in issue five months rent, although the verdict of the jury was for only $200.

*Reversed and rendered.*