MOORE, McKINNEY & CO. v. H. MASTERSON.

Decided June 15, 1898.

1. **Practice on Appeal—Bill of Exceptions Necessary.**

The refusal of a continuance can not be reviewed on appeal unless a bill of exceptions is properly prepared and made a part of the record.

2. **Chattel Mortgage—Filing—Notice—Lien Creditors.**

A chattel mortgage, although not registered for nearly two and one-half months after its execution, is valid as against an attachment levied soon after its registration by a creditor who had notice of the mortgage before the issuance of the attachment, and who was then not a lien creditor. Articles 3327, 3328, Revised Statutes, construed.

3. **Same—Unregistered Good, When.**

A chattel mortgage although not registered is good as between the parties and as between creditors who acquire liens after the registration.

**4. Same—Foreclosure—Personal Judgment.**

A mortgagee of personal property which has been rendered valueless as security by the levy of an attachment thereon by one who had no lien prior to the mortgage, may obtain judgment for the amount of his debt against the attaching creditor without foreclosing the mortgage lien, where the value of such property exceeded the mortgage debt.

APPEAL from the County Court of Brazoria. Tried below before Hon. T. C. ROWE, Special Judge.

*M. S. Munson, Jr.,* and *L. R. Bryan,* for appellants.

*Masterson & Eagle,* for appellee.

FLY, ASSOCIATE JUSTICE.—Appellee sued R. F. Martin, Jr., to recover a debt of $500 and to foreclose a mortgage lien on certain horses, buggies, etc., given to secure said debt. Appellants intervened in the suit, claiming an interest in the suit by reason of having sold and warranted the title to the mortgaged property, and setting up fraud in the transaction between appellee and Martin, and that the mortgage was not filed for registration until after the levy of attachment. The cause was tried without a jury and resulted in a judgment for $783.30 against Martin and interveners. The latter appealed the case.

The first and second assignments of error complain of the action of the court in overruling the application for a continuance. The order of the court overruling the application, as well as the recital that appellants reserved their exception, is copied into the record, but the action of the court on an application for continuance can not be reviewed in an appellate court unless a bill of exceptions is properly prepared and made a part of the record. Rule 55, District Court; Railway v. Mallon, 65 Texas, 115.

It was proved that appellee furnished R. F. Martin, Jr., with $500 to pay for a half interest in the livery stable equipments, and received from him his five notes in the sum of $100 each, payable at different times, and secured the same by a mortgage on the property. R. F. Martin was insolvent at the time and was indebted to appellants. Without the money he obtained from appellee he could not have bought a half interest in the property. The notes and mortgage were executed on January 3, 1894. The mortgage was not deposited with the county clerk for registration until the afternoon of March 15, 1894, and on the same afternoon the attorney for appellants was informed by appellee that R. F. Martin was indebted to him and a mortgage to secure the same had been recorded; and the mortgage was examined by the attorney, and the appellants were informed of the existence of the mortgage before the levy of the attachment. The attachment was levied several hours afterwards. On the day before the levy appellee told J. M. Moore, one of the appellants, that he had a lien on the property to secure five promissory notes. In order to have the chattel mortgage registered appellee had to go to the house of the deputy county clerk, as he had closed the office for the day

and gone home. His time of closing his office was about 5 o'clock p. m., and it was shortly after that hour that the mortgage was registered.

We are of the opinion that by the registration the mortgage lien of appellee was fixed before, and was superior to, the attachment lien of appellants. Their debt antedated the mortgage given to appellee. The money obtained through that mortgage was not obtained by virtue of any property then held by R. F. Martin, but was borrowed to pay for the very property that was to secure repayment of the money. Appellants were in nowise placed in a worse position by the failure to register the mortgage. It was registered, and they had actual and constructive notice of it before they became creditors within the purview of articles 3327 and 3328, Revised Statutes, the holding being that the articles in question are applicable to those creditors only who have acquired some kind of lien. Grace v. Wade, 45 Texas, 527; Brothers v. Mundell, 60 Texas, 240; Overstreet v. Manning, 67 Texas, 657; Berkey v. Hotel Co., 81 Texas, 135; Parlin v. Harrell, 27 S. W. Rep., 1084; Snyder v. Bank (Texas Civ. App.), 32 S. W. Rep., 162.

The mortgage was good as between the parties to it, although not registered, and when it was registered, it was good as to all creditors who might acquire liens thereafter. The object of the statute is to give such notice that creditors will not be misled and incur expense in attaching or obtaining other liens on the mortgaged property. The registration of the mortgage was as effective, under the circumstances of this case, as though it had been filed for registration within a few moments after its execution. It put appellants upon notice before any rights, as creditors, had accrued to them.

The proof showing that the mortgaged property had been placed in such condition by appellants as to render it valueless as security, and that the property appropriated by them was of sufficient value to have paid the debt, there was no error in not foreclosing the mortgage lien and in rendering a judgment for the debt against appellants. It would have been entirely proper to have foreclosed the mortgage lien, but why do it when no good purpose could result from it? Appellants had by their unlawful acts made it impossible for appellee to reach the property with his lien, and they were responsible to him in the value of it, and that value exceeding the amount of the debt, they were not injured by a judgment against them for the debt.

There is no merit in any of the assignments of error, and the judgment is therefore affirmed.

*Affirmed.*