RAU v. AMERICAN NAT. INS. CO.

(Court of Civil Appeals of Texas. Dallas. March 1, 1913.)

1. ACTION (§ 53*)—SEPARATE CAUSES OF ACTION—INSTALLMENTS OF INSURANCE POLICY.

A holder of an accident and health insurance policy providing for a monthly indemnity in case of disability has a distinct and separate right of action for each monthly installment.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 549–623; Dec. Dig. § 53.*]

2. INJUNCTION (§ 26*)—ACTIONS—SUCCESSIVE ACTIONS.

In the absence of any alleged defense avoiding the policy, or any denial of liability thereon, equity will not enjoin insured, under a health and accident policy providing monthly indemnity for disability, from bringing suits for each part of the indemnity as it becomes due.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 24–49, 54–61; Dec. Dig. § 26.*]

Appeal from Freestone County Court; H. B. Daviss, Judge.

Action by Ed J. Rau against the American National Insurance Company. From an order granting a temporary injunction restraining plaintiff from instituting other and additional suits against defendant, plaintiff appeals. Reversed and injunction dissolved.

A. B. Geppert, of Teague, for appellant.

RAINEY, C. J. This is an appeal from an order granting a temporary injunction in favor of appellee, restraining appellant from instituting other and additional suits against appellee on a "certain contract of accident and health insurance, No. 58390, so long as suit in the county court of Freestone county and suit No. 1252 in justice court of Precinct No. 6 of Freestone county, Tex., shall remain pending and undisposed of upon the dockets of said courts."

Appellant held a policy of accident and health insurance, numbered 58390, issued by appellee, which policy provided for a monthly indemnity of $100 per month during the

period of injury, not to exceed 24 months. At the time the injunction was granted appellant had pending two suits, one for $1,000 for 10 monthly installments in the county court, and one in the justice court for $100 for 1 monthly installment, claiming said amounts had accrued and were due under the terms of said contract, by reason of his having been injured and disabled, and in said suits it was alleged that they were brought without prejudice to suit on other installments that might become due in the future. Appellee alleged as a ground for an injunction as follows: "And this plaintiff here now alleges that the said Ed J. Rau, by electing to file his said suit in the county court, as aforesaid, in which he sues this plaintiff for $1,000 damages under his said alleged policy of insurance and contract of indemnity, is estopped from suing in any other court for further damages, based upon said contract of insurance"—and after alleging the institution of the suit by appellant in the justice court, proceeds: "And the said Ed J. Rau is threatening to sue and will institute different and other suits monthly in the said justice court against this plaintiff, based upon the same contract and policy of insurance and same alleged injury and cause of action, unless restrained and enjoined from so doing, and will harass this plaintiff and cause it to employ counsel and defend suits so instituted by defendant, Ed J. Rau, who is wholly insolvent, and will greatly damage this plaintiff, for which it will suffer irreparable injury, and for which it has no adequate remedy."

[1, 2] Appellee in its petition for an injunction does not allege any defense that will avoid the policy, nor in any way deny liability, but claims an estoppel, except as to the 10 installments for which suit had been instituted in the county court, and seeks an injunction to prevent other suits which will vex and harass it, etc. The bringing of the suit in the county court on the 10 installments, then past due, did not estop appellant from instituting suits on the other installments when due, if not paid, and if appellee was vexed or harassed thereby, it must submit or pay the installments. By the terms of the policy appellee had contracted to indemnify appellant, if he was disabled by accident, by the payment monthly of the sum of $100, not to exceed 24 months, for the time appellant was disabled. Appellant had a right of action for each monthly installment, each being distinct and separate from the other, and therefore he was entitled to bring suit on each installment as it became due, if not paid, and appellee was not entitled to an injunction without showing some valid reason therefor. Williams v. Cornice Works, 46 Tex. Civ. App. 70, 101 S. W. 839; Racke v. Brewing Ass'n, 17 Tex. Civ. App.

167, 42 S. W. 774; Ins. Co. v. Franklin, 102 Ky. 512, 43 S. W. 709. In the Franklin Case, supra, which is in point, the court said: "Upon making the necessary proof of injury, we think he was entitled to the weekly indemnity provided for in the policy, and in the absence of any agreement to the contrary, this should be paid to him weekly, in accordance with what we think is the natural import of the language used in the policy. And this would also seem to be more in accord with the probable intention of the parties to the contract, and certainly more in accord with the probable needs of the injured beneficiary, whose loss of time is sought to be made up to him by weekly indemnities."

The judgment is reversed, and the injunction dissolved.