MEACHAM v. O'KEEFE.　(No. 8709.)

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 20, 1917. On Motion for Rehearing, Nov. 24, 1917.)

1. JUDGMENT ☞603 — CAUSES OF ACTION BARRED—SUCCESSIVE CAUSES OF ACTION.

A lease for 26 months for a rental payable monthly was a divisible contract and authorized a suit for each monthly installment of rent as it became due and unpaid, and a judgment for the rent for several months, though satisfied, did not bar a subsequent action against the lessee and a guarantor for the rent for subsequent months.

2. CHATTEL MORTGAGES ☞138(3)—PRIORITY BETWEEN MORTGAGE AND LANDLORD'S LIEN.

Vernon's Sayles' Ann. Civ. St. 1914, art. 5490, providing that the landlord's lien for rent shall not continue or be in force for longer than the current contract year, divides a lease for more than one year into a series of yearly contracts, and where after the tenancy commenced the lessee gave a chattel mortgage which was not filed forthwith but was filed before the commencement of the second year of the term, the lien of the chattel mortgage was superior to the landlord's lien for the rent for the second year.

3. GUARANTY ☞62—DISCHARGE—RELEASE OF OTHER SECURITY.

Where a chattel mortgage was a lien superior to a landlord's lien on property levied on by the landlord under a distress warrant, a guarantor of the rent was not discharged by the landlord's surrender of the property to the mortgagee.

4. TRIAL ☞255(12) — INSTRUCTIONS — NECESSITY OF REQUESTS.

In an action against a lessee and a guarantor for rent and to foreclose a landlord's lien, where the guarantor did not request an instruction telling the jury to find the value of any property levied on by a distress warrant, except such as was covered by a chattel mortgage and surrendered to the mortgagee, the failure to tell the jury to find the market value of other goods was not error.

On Motion for Rehearing.

5. APPEAL AND ERROR ☞832(4)—FAILURE TO RAISE QUESTIONS BELOW—ASSIGNMENTS OF ERROR.

In an action against a lessee and a guarantor for rent and to foreclose a landlord's lien, where the guarantor did not plea that the landlord's lien had been waived by the taking of a mortgage, but on the contrary specially pleaded that the landlord had a lien which he had lost by releasing the property to a chattel mortgagee and thereby had discharged the guarantor, and the contention that the landlord's lien was waived by taking the mortgage was not presented in any assignment of error, such contention could not be urged for the first time on motion for rehearing.

Appeal from Tarrant County Court; Charles T. Prewitt, Judge.

Action by C. A. O'Keefe against T. O. Meacham and another. From a judgment for plaintiff, the defendant named appeals. Affirmed.

Charles T. Rowland and Marvin H. Brown, both of Ft. Worth, for appellant. Bryan, Stone & Wade and W. C. Blalock, all of Ft. Worth, for appellee.

DUNKLIN, J.　C. A. O'Keefe leased a building situated in Ft. Worth to L. E. Day.

The lease was in writing dated June 8, 1914. and covered a period of 26 months, beginning July 1, 1914, and ending August 31, 1916. Indorsed on the lease and bearing same date was an instrument in writing signed by T. O. Meacham, stipulating that for a valuable consideration paid to Meacham, he, the said Meacham—

"hereby becomes surety on this lease and agrees that he is held and firmly bound for the faithful performance of this lease and for the payment of all sums of money hereafter becoming due under and by virtue of all the terms and conditions of this lease. I waive all notice of default on the part of lessee."

Day was engaged in the saloon business and leased the building for that purpose. The rental contracted to be paid was $225 per month, payable monthly. This suit was instituted by O'Keefe against Day, as principal, and Meacham, as guarantor, to recover rents for the months of March, April, May, and June, 1916, which were alleged to be unpaid, and to foreclose a landlord's lien upon certain property owned by Day and situated in the building. From a judgment in favor of plaintiff, Meacham alone has appealed.

[1] One of the defenses pleaded by Meacham was a special plea to the effect that theretofore, on August 18, 1915, plaintiff had instituted a suit upon the same lease contract which had terminated in a final judgment in his favor on December 9, 1915, in the sum of $460, which had been satisfied, and by reason of said judgment and the payment thereof, Meacham had been released from any further liability upon his contract of guaranty. A special exception addressed to that plea was sustained, and this ruling has been assigned as error. Notwithstanding that ruling, proof was made of the facts alleged in the plea. Those facts were as follows: Suit was filed September 30, 1915, in the district court of Tarrant county, to recover the rents due under said contract up to the date of the final trial of the suit, the petition containing an allegation that Day had defaulted in some of the monthly installments of rent. On December 9, 1915, a judgment was rendered in that suit in plaintiff's favor for the sum of $460, which judgment was afterwards paid off and satisfied in full, as shown by plaintiff's written receipt dated April 8, 1916.

In addition to a complaint of the action of the court in sustaining an exception to the special plea noted, appellant insists that under the proof mentioned the court should have granted his request for an instructed verdict in his favor. The contention is predicated upon the proposition that the lease contract was not severable, but was an entire contract, and that there could be but one recovery and satisfaction thereunder. This contention is overruled.

The contract was clearly divisible, and

authorized a suit for each monthly install-ment of rent as it became due and was un-paid, and the former judgment mentioned was no bar to the present suit. Racke v. Anheuser Busch Brewing Ass'n, 17 Tex. Civ. App. 167, 42 S. W. 774; Davidson v. Hirsch, 45 Tex. Civ. App. 631, 101 S. W. 269; Williams v. Houston Cornice Works, 46 Tex. Civ. App. 70, 101 S. W. 839, 1195; Jones v. Gammel States-man Publishing Co., 100 Tex. 320, 99 S. W. 701, 8 L. R. A. (N. S.) 1197.

[2] On July 9, 1914, nine days after his tenancy had begun, Day executed a chattel mortgage to August A. Busch & Co. upon all the furniture and fixtures in his saloon to secure an indebtedness in the sum of $600, evidenced by a promissory note of even date with the mortgage, due one day after date. That mortgage was not filed for record un-til August 15, 1914, one month and six days after the date of its execution.

In the present suit a distress warrant sued out by the plaintiff was levied upon the property covered by the chattel mortgage, as well as upon certain goods found in the saloon. After the levy of the writ, Busch & Co., the holder of the chattel mortgage, de-manded a release of the furniture and fix-tures covered by the mortgage from the levy made under the distress warrant. After some controversy and negotiations between the representative of Busch & Co. and one of the attorneys for O'Keefe, the latter finally decided to comply with the demand made by Busch & Co. and accordingly released the levy upon the property covered by the chat-tel mortgage and turned the same over to Busch & Co., who removed the same from the premises and no recovery was sought upon that property.

Appellant specially pleaded those facts in connection with the allegation that plaintiff had a landlord's lien upon the property cov-ered by the chattel mortgage which was superior to said mortgage, and that by virtue of the release of the said property to Busch & Co., he, appellant, as surety for Day, had also been released and discharged from any liability under his contract of suretyship or guaranty, and, at all events, to the extent of the market value of the property so re-leased, which the jury found to be the sum of $450. Several assignments of error have been presented to the action of the court in overruling that defense.

By article 5490, Vernon's Sayles' Texas Civ-il Statutes, it is provided that the landlord's lien for rents upon any residence, storehouse, or other building, shall not continue or be in force for a longer period than the current contract year. And it is well settled by the authorities that the effect of that statute is to divide a lease contract for more than one year, so far as the lien is concerned, into a series of yearly contracts corresponding with the number of years covered by the lease. See Low v. Troy Laundry Machinery Co., 160

S. W. 136; Allen v. Brunner, 33 Tex. Civ. App. 128, 75 S. W. 821. Under those authorities it thus appears that plaintiff had a landlord's lien to the exclusion of the mortgage lien for the rents due the first year of the lease which ended July 1, 1915, but that the landlord's lien for the second year beginning July 1, 1915, and ending July 1, 1916, did not accrue until the beginning of that year.

While Busch & Co. did not file their chat-tel mortgage forthwith, within the meaning of the registration statute (Austin v. Welch, 31 Tex. Civ. App. 526, 72 S. W. 881), never-theless having been filed on August 15, 1914, prior to the beginning of the plaintiff's landlord's lien for the second year, it took precedence over the lien for the rents accruing during that year. See Moore v. Masterson, 19 Tex. Civ. App. 308, 46 S. W. 855; American Type Founders Co. v. First National Bank, 156 S. W. 300.

[3] As noted already, this suit was for the rents due for the months of March, April, May, and June of the year 1916, which was secured by landlord's lien for the second year of the lease contract, and hence the mortgage lien was superior to the landlord's lien for those rents, and the surrender of the property covered by the mortgage did not op-erate as a release of appellant Meacham from liability under his contract of guaranty.

[4] Since appellant did not request an in-struction to the jury to find the value of any of the property levied on by the distress war-rant, except such as was covered by the chat-tel mortgage, the ninth assignment, submit-ted here apparently as fundamental error, as it does not appear to have been made one of the grounds for a new trial in appellant's motion therefor, to the failure of the court to instruct the jury to find the market value of other goods levied upon under the distress warrant, and upon which he alleges no fore-closure was decreed, must be overruled.

For the reasons stated all assignments of error are overruled, and the judgment af-firmed.

On Motion for Rehearing.

[5] Appellant in his motion for rehearing for the first time now contends that appellee waived his statutory landlord's lien by tak-ing from the tenant, Day, a mortgage lien on all property placed in the building by the tenant during the tenancy, as specifically stip-ulated in the lease contract itself.

In the trial court plaintiff alleged and claimed his statutory landlord's lien to the exclusion of such mortgage lien. Not only did appellant fail to plead that the landlord's lien had been waived by the taking of such mortgage lien, but he specially pleaded that plaintiff was entitled to a landlord's lien which he had lost by reason of his release of property covered thereby to August A. Busch & Co. Nor was the contention now urged that the landlord's lien was waived by taking

the mortgage lien, presented in any assignment of error. Hence it is too clear to require argument that he is in no position to urge that contention now. Scarbrough v. Alcorn, 74 Tex. 358, 12 S. W. 72; Ætna Ins. Co. v. Holcomb, 89 Tex. 404, 34 S. W. 915; Tex. Produce Co. v. Turner, 27 S. W. 583; Moody v. Rowland, 100 Tex. 363, 99 S. W. 1112.

The motion for rehearing is overruled.

CONNER, C. J., not sitting, serving on writ of error committee at Austin.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes