**BARRON G. COLLIER, Inc., OF TEXAS, v. PETERS BROS., Inc.**

No. 13855.

Court of Civil Appeals of Texas.
Fort Worth.

Jan. 13, 1939.

Rehearing Denied Feb. 17, 1939.

H. C. Ray, of Fort Worth, for appellant.

Slay & Simon, of Fort Worth, for appellee.

BROWN, Justice.

This case originated in a Justice of the Peace court in Tarrant County, and was appealed to one of the County Courts of such County.

Appellant's business is to contract with street car and bus companies for advertising space, on the sides and near the tops of such cars and buses, and to re-sell such advertising space to advertisers. The advertiser agrees to furnish the advertising cards, which are made to fit in the spaces, and when the contracts are made, appellant sees to placing and changing, if need be, these cards so delivered by the advertiser.

Appellant made a contract with appellee to render it such a service "in 70 cars and/or buses as long as space is available" for 12 months, beginning with May 1st, 1936, at the agreed price of $28.90 per month, payable at the end of each month that service was rendered. During the sixth month, appellee notified appellant to discontinue the service and paid for the said six months' service.

Appellant, at the end of the 12 months, brought suit against appellee for the remaining six months' service, in the sum of $173.40. A written "statement of the case" was filed in the justice's court, together with a verified account, and attaching a copy of the written contract thereto as a part of the cause of action. When the cause reached the county court on appeal, appellee denied the account under oath. A jury was demanded, and when all the evidence had been adduced, the court gave a peremptory instruction in behalf of the defendant, and appellee here. Hence the appeal.

We find four propositions presented. The first asserts that the contract is not subject to cancellation, by reason of its terms, and appellant is entitled to recover the full contract price.

Admitting that the contract could not be canceled, assuredly it could be breached, and appellee specifically breached it, at the end of the first six months. It does not follow that appellant's recovery,

in a case of this kind, would be the contract price. Therefore the proposition is not well taken.

■ The second proposition asserts that appellant's cause of action being bottomed on a verified statement, as provided for in Art. 3736, R.C.S., as amended by the 42nd Legislature (1931), c. 239, Vernon's Ann. Civ.St. art. 3736, and appellee having failed to file a written denial under oath before the announcement of ready for trial, appellant was entitled to recover as prayed for.

We find a verified denial in the record, and the record reflects that it was filed with permission. We find no motion on the part of appellant to strike. We find no objection to testimony on the theory that such a pleading was not timely filed. No bill of exceptions is presented attacking such verified denial in any respect.

The verified denial is in the record. It was considered by the trial court. We cannot say that it was not timely filed.

Under the very statute relied upon by appellant, if the denial is filed on the day of the trial, appellant would have been entitled to a continuance. Appellant went to trial with the verified denial a part of the pleadings and without objection thereto. Therefore there is no merit in the second proposition, even if the transaction were one that is contemplated by the statute relied upon. All of which we doubt.

The third proposition asserts that the burden of proving facts in mitigation of damages was upon the party guilty of a breach of the contract and that, appellee having failed in such duty, appellant was entitled to recover the full contract price.

We do not agree with such contention, in the case at bar.

Appellant only sold appellee space in street cars and buses "as long as space is available (and) if not delivered service in that amount (in at least 70 cars) the advertiser (appellee) may cancel contract at the time service is curtailed"; and appellant agreed to place and care for appellee's advertising cards furnished it by appellee.

■ In a case wherein this same advertising company was appellant, Barron G. Collier, Inc., v. Deutser Furniture Co., Tex. Civ.App., 256 S.W. 330, 332, it was specifically held that, under a similar contract, it was plaintiff's duty to exercise reasonable care and diligence to avoid loss or to minimize the resulting damage. The opinion cites 8 Ruling Case Law, p. 442, where it is

said: "As the rule is sometimes stated, he is bound to protect himself if he can do so with reasonable exertion or at trifling expense, and he can recover from the delinquent party only such damages as he could not, with reasonable effort, have avoided."

Appellant made no effort to show that it could not re-rent the space in controversy, after exercising due diligence, but it was shown that no effort was made to re-rent such space.

■ Since appellant provided in its contract for the right to rent such space to another and to thereby breach the contract at will and deny appellee the right to such space, we hold that it was incumbent upon appellant, when appellee breached the contract to use reasonable diligence to re-rent the space, and having admitted that it made no effort to do so, and no proof having been offered to show a reasonable effort to rent same, it appears that the trial court did not err in giving a peremptory instruction for the defendant. This because no proper measure of damages was attempted to be proved, under the facts and under the duty resting upon the appellant.

The remaining proposition touching the admission of certain evidence becomes immaterial.

Finding no error, the judgment is affirmed.