# The Fidelity and Casualty Company of New York v. John D. Waterman, Administrator of the Estate of James B. Marshall, Deceased.

1. INSURANCE — *Accidental Death—Asphyxiation by Illuminating Gas.*—A person insured in an accident company was asphyxiated in a hotel by illuminating gas escaping into the room where he slept. *Held,* that his death was accidental within the meaning of the policy, and was not included in the exception that the " insurance did not cover disappearances, nor war risk, nor voluntary exposure to unnecessary danger, nor injuries fatal or otherwise resulting from poison, or anything accidentally or otherwise taken, administered, absorbed or inhaled, nor injuries, fatal or otherwise, received while or in consequence of having been under the influence of, or affected by, nor resulting directly or indirectly from intoxicants, anæsthetics, narcotics, sunstroke, freezing, vertigo, sleep-walking, fits, hernia, or any disease or bodily infirmity."

2. SAME—*Waiver of Proof of Death.*—The fact that an insurance company when notified within the time fixed by the policy of the death of an insured person refused payment on particular grounds, and did not ask for more definite proof, may be regarded as a waiver of the proof required by the terms of the policy.

Assumpsit, on a policy of insurance. Appeal from the Circuit Court of Winnebago County; the Hon. JOHN D. CRABTREE, Judge, presiding. Heard in this court at the December term, 1894. Affirmed. Opinion filed May 28, 1895.

WILLIAM G. CHALLIS and GARVER & FISHER, attorneys for appellant.

ARTHUR H. FROST and ROBERT G. McAVOY, attorneys for appellee.

Mr. Presiding Justice Lacey delivered the opinion of the Court.

This was a suit on an accident insurance policy issued by appellant for $5,000, dated June 14, 1891, issued to James B. Marshall, of Henderson county, Kentucky, for the term of twelve months, ending June 14, 1892, and twenty-five dollars weekly indemnity against bodily harm, and was renewed for one year from June 14, 1892. The attempted defense was made under a provision in the policy relieving against accidents or fatal injuries, which reads as follows: " This insurance does not cover disappearances, nor war risk, nor voluntary exposure to unnecessary danger, nor injuries resulting from poison or anything accidentally or otherwise taken, administered, absorbed or inhaled, nor injuries, fatal or otherwise, received while or in consequence of having been under the influence of or affected by, nor resulting directly or indirectly from intoxicants, anæsthetics, narcotics, sunstroke, freezing, vertigo, sleep-walking, fits, hernia or any disease or bodily infirmities." The evidence shows that James B. Marshall was asphyxiated by illuminating gas in the Northwestern Hotel at Aurora, Illinois, December 5, 1892, by gas escaping into the room where he slept, the gas jet being on by some means unknown, but he was found dead in bed and the room full of gas. There was evidence tending to show that the gas fixtures were defective. The point is made that as the deceased came to his death by means of the illuminating gas, the appellant is not responsible under the policy for his death; that it was poison "inhaled," according to the true meaning and provisions of the policy against which the appellant did not insure. It is also insisted that the evidence proved that the deceased was intoxicated at the time of the accident, and by reason of his intoxication he let on the gas himself, and therefore his death was attributable to intoxication. The evidence, however, as we think, sufficiently shows that the deceased was not intoxicated at the time the gas jet was let on, nor did he let it on by reason of being intoxicated. The case was tried by the court without a jury and it found for

Fidelity & Casualty Co. of New York v. Waterman.

the appellee. The appellant's attorney at the trial submitted several propositions of law to be held by the court, raising the question of the liability of the appellant under the policy as applicable to the facts in the case, but the court refused to hold the propositions. The question now is presented to this court whether, if the deceased died by reason of illuminating gas let into the room where he slept by accident, the appellant would be liable under the provisions of its policy; whether he can be held to have died by reason of " poison inhaled accidentally or otherwise" within the meaning of the policy. This is a new question in this State, but it has been passed upon by the Court of Appeals of the State of New York, in a similar case and under a similar policy, as we think, holding the insurance company liable under such a state of facts, and such a policy. See Paul v. Travelers' Insurance Company, 112 N. Y. 472. We hold, as was there held, that the word "inhaled" must be understood to mean a voluntary and intelligent act by the injured, and not an involuntary and unconscious act, and this when applied to accidental or other inhalation.

According to one meaning of the word "inhale," it implies a voluntary act; according to another it may be interpreted to mean anything breathed into the lungs without intention. But we think, according to the rules of interpretation in such cases, the construction should be given to the policy most favorable to the insured. Hoffman v. Ætna Fire Insurance Co., 32 N. Y. 405; May on Insurance, 2d Ed., Sec. 175; Healy v. M. Acc. As., 133 Ill. 561; Boise v. Ced. Rap. Co., 70 Iowa, 325.

It is true, the Federal Circuit Court of the United States, in Richardson v. Traveler's Insurance Co., 46 Fed. Rep. 843, has given a different construction to a policy like this. The Supreme Court of the State of Illinois has cited the Paul case, *supra*, with approval on another point. Healy v. M. Acc. Assn., 133 Ill. 566. It also concurred in the opinion in the Paul case, and held " that where a death is the result of accident, or is unnatural, it implies an external and violent agency as the cause." Ibid.

The point that there was no proof of death is not well taken, as the appellant was notified of the death and refused payment on other grounds, and when first notified within sixty days required by the policy, did not ask for more definite proof of death.

Therefore we think, according to all the authorities, the proof of death required by the policy was waived.

The judgment of the court below is therefore affirmed.