## Ezra A. Cook v. American Luxfer Prism Co.

1. CONTRACTS—*Substantial Performance, When Sufficient.*—Where there has been no willful departure or omission in the essential points of a contract, and the work has been honestly and faithfully done in all material and substantial respects, no forfeiture will result by reason of technical, inadvertent, or unimportant omissions, and the contract price may be recovered, less such damages as will indemnify the owner for the expenses of making the work conform to the contract.

2. EVIDENCE—*Not to be Made in Favor of a Party by His Writing Letters.*—A party to a suit can not make evidence in his own favor by writing letters, although such letters are admissible as evidence against him.

Assumpsit, on a contract, etc. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed February 19, 1901.

M. L. THACKABERRY, attorney for appellant.

HENRY M. BACON, attorney for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This was a suit originally begun before a justice, in which appellee sought to recover the contract price for putting up luxfer prisms over an entrance opening of appellant's building.

From the judgment in favor of appellee rendered by the justice the case was appealed to the Superior Court, and there submitted to a jury, who returned a verdict for the full amount of the appellee's demand. Judgment was entered accordingly.

There is no material conflict as to the facts. The contention seems to be that the conclusion drawn therefrom by the jury is erroneous, and it is urged that the court erred in the admission of evidence and the jury were improperly instructed. It is said by appellant's attorney that he thinks " the court erred in admitting a great deal of evidence offered on behalf of the appellee, and over the objection of appellant;" but no material error of that kind is pointed out. We regard the finding and judgment as correct upon the merits. While objecting to the manner in which the work was done, appellant did not rescind the contract, but insisted upon retaining the canopy complained of and forbade its removal, although refusing to pay therefor, and endeavored to force appellee to comply with his own terms of settlement. It does not appear from the evidence wherein nor to what amount, if any, he claims to have been damaged by appellee's alleged failure to comply with the exact terms of the contract. Without such evidence no damages could be awarded. It is claimed the work was not completed within the time agreed upon; but that was a question for the jury to determine from the evidence under the instructions of the court, and if such was their conclu-

sion, it was for the jury further to determine whether there was a waiver in that respect on the part of appellant. These are questions of fact which the verdict settles in favor of appellee.    Shepard v. Mills, 173 Ill. 223 (226).

It is possible that the first instruction of which appellant's attorney complains, may be open to some verbal criticism, but in substance it is correct.    Appellant could not make evidence in his own favor by writing letters—see Graham v. Eiszner, 28 Ill. App. 269 (275)—although such letters might be admissible as against himself; and this is in substance the purport of that instruction.    As to the objections urged to the second and third instructions, it was entirely proper for the court to construe the contract in reference to the meaning of certain words and phrases in the connection in which they are employed when submitting to the jury the question of performance.    Keeler v. Herr, 157 Ill. 57 (59).

We find no error in the construction so given, of the meaning of the words " over entrance opening," nor as to the provision that the frame should have " a width of 80 inches and a depth of 48 inches."    The fourth instruction properly submitted to the jury the question of waiver as to time of performance.    There is evidence tending to show, as has been said, that appellant retained, and still retains, the canopy in dispute, and refused to allow it to be removed. To that extent he certainly " accepted and retained benefits" under the contract.

We can not agree with appellant's counsel that " even a partial breach " of a contract of this character " will discharge the promisee from the performance of his promise to pay."    Where there has been no willful departure, or omission in essential points, and the work has been honestly and faithfully done in all material and substantial respects, no forfeiture will result by reason of technical, inadvertent or unimportant omissions, and the contract price may be recovered, less such damages as will indemnify the owner for the expense of making the work conform to the contract. See Keeler v. Herr, 157 Ill., on p. 60, and cases there cited.

The judgment of the Superior Court will be affirmed.