## United States Health & Accident Insurance Company. v. James H. Harvey.

### Gen. No. 4,706.

1. PROOFS OF LOSS—*what waiver of.* An insurance company by denying all liability under a policy, waives proofs of loss.

2. ACCIDENT INSURANCE—*when blood poisoning, though excepted, within terms of policy.* Where blood poisoning causing the disa-

bility sought to be recovered for, resulted from an injury within the terms of the policy, a provision excepting blood poisoning has no application.

3. SECONDARY EVIDENCE—*when admission of, cannot be complained of*. The admission of secondary evidence cannot be complained of where no specific objection was made in the trial court.

4. DECLARATIONS—*when competent, when not*. Written declarations against interest are competent against the writer, but self-serving declarations are not admissible in his favor.

Action commenced before justice of the peace. Appeal from the County Court of Lee county; the Hon. R. H. SCOTT, Judge, presiding. Heard in this court at the April term, 1906. Affirmed. Opinion filed October 16, 1906.

E. H. BREWSTER and WILLIAM H. WINN, for appellant.

H. A. BROOKS and C. C. BROOKS, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is a suit upon an accident insurance policy to recover for time lost by reason of an injury to plaintiff's hand. The suit was begun originally before a justice of the peace of Lee county, where the plaintiff recovered a judgment for $42. The case was appealed to the County Court of said county where the plaintiff obtained a verdict for $65, and a motion for a new trial being overruled, judgment was rendered on the verdict in favor of plaintiff, and the defendant brings the case to this court by appeal.

The policy sued on provides for "an indemnity of thirty dollars per month, or at that rate for any proportionate part thereof, against loss of time for bodily injuries caused solely and exclusively by external, violent and accidental means for the number of consecutive days, * * * that the assured is necessarily and continuously confined to the house, and regularly visited by a physician; and one-fifth of the indemnity per month if during the convalescing of the assured he

shall be wholly prevented from performing all duties pertaining to his occupation, though not confined to the house, the combined period not to exceed eight months," and contains the following provision: "In the event of injuries fatal or otherwise * * * resulting directly or indirectly, accidentally or otherwise from * * * poison or infection * * * the limit of the company's liability shall be one-fifth of the amount which would otherwise be payable under this policy, anything to the contrary herein notwithstanding."

The proof shows that the appellee had his hand punctured by a wire on a chicken coop, and blood poisoning ensuing he went to a hospital and was therein treated by a physician for the swollen condition of his hand. After a time, when he thought he was able to go to work, he submitted to the appellant proofs of his loss, showing the extent of his claim under the terms of the policy. Afterwards he went to work, and was again laid off at the order of his physician, because of the poison still in his hand. For this last period he failed to submit any proofs of loss. The judgment being for a sum in excess of the amount of the proofs of loss first submitted, defendant claims that any addition to that amount is excessive. Subsequent to the submission of the proofs of loss, and before he resumed work, he was notified by letter from the company, that his premium had not been paid and that it owed him nothing. The company, by denying all liability under the policy, waived further proofs of loss. Fidelity and Casualty Co. v. Waterman, 59 Ill. App. 297, affirmed in 161 Ill. 632; 5 Cyclopedic Dig., 1110, and other cases there cited.

One of the defenses urged in the County Court was that the appellee was in default in the payment of his premium, and therefore not entitled to recover anything. The jury found in favor of appellee on that

question, and, the evidence being conflicting on that issue, we cannot say the jury did not find rightly.

The question insisted on, and urged most strenuously in this court, is that under the provisions in the policy in reference to "poison or infection" appellee was not entitled to recover. The proof seems to show clearly that the blood poisoning followed the accidental puncture of the hand. The physician testifies that plaintiff had blood poison infection in his hand, the entire hand and arm being black and swollen. He ascribes the condition as acute septicemia, and says that the primary injury or wound was a very simple one and was the original cause that introduced the blood poison or infection.

The rule, where infection or blood poisoning is one of the excepted risks, in any accident policy, is that if the resulting disability is the effect of the accident, so as to be a mere link in the chain of causation between the accident and the disability, then the disability must be attributed to the accident alone, and is not excepted from the risk. The puncture by the wire or nail was within the terms of the policy, and blood poisoning resulting from, and being caused by the accident, was a disease caused by the accidental wound and is within the policy. Central Accident Ins. Co. v. Rembe, 220 Ill. 151; Delaney v. Mod. Acc. Club, 121 Ia. 528; Martin v. Modern Acc. Indemnity Co., 151 N. Y. 94; Western Com. Travelers Assn. v. Smith, 40 L. R. A. 653.

The company was upon principle and under these authorities, clearly liable to appellee for all necessary loss of time resulting from the accidental puncture of his hand.

In addition to what has been said the policy provided that even in cases of "poison or infection" the company shall be liable for one-fifth of the stipulated indemnity.

The argument of appellant is that appellee is not entitled to recover anything, notwithstanding the provis-

ion for one-fifth in case of infection, and failing in that defense it next insists that there could not be a recovery for an amount exceeding that claimed in the original proofs.

In Birmingham Fire Ins. Co. v. Pulver, 27 Ill. App. 17, it was said. "It has been frequently held that even the sworn statement of the insured himself in his proof of loss will not estop him, but that in a suit upon the policy he may give evidence of the actual amount of his loss and recover accordingly." Neither of these contentions of appellant is tenable.

The court admitted secondary evidence, of the contents of certain letters, offered on behalf of appellee, to which a general objection was made by appellant, and being overruled appellant assigns error thereon.

In this court specific objection is for the first time made to the admission of this evidence. If the proper foundation had not been laid for the introduction of the secondary evidence, specific objection should have been made in the trial court, so that appellee could have had an opportunity to supply the proper preliminary proof. McDonald v. Stark, 176 Ill. 456.

Appellant offered in evidence a copy of a letter written by it to appellee. The court sustained an objection to its introduction. The letter was a recital of past matters, in the nature of evidence in favor of the writer. It was clearly incompetent as it only contained self-serving statements of the author, and is within the same rule as a party's declarations. They are only competent against the maker and not in behalf of the writer. Cook v. American Luxfer Co., 93 Ill. App. 299.

Finding no error in the case, the judgment will be affirmed.

*Affirmed.*