### NEAL COMMISSION CO. v. RADFORD. (No. 728.)

(Court of Civil Appeals of Texas. El Paso. Oct. 11, 1917.)

ACTION ⬡➾38(1)—JUDGMENT ⬡➾596—SINGLE AND ENTIRE CAUSE OF ACTION—BAR OF ACTION.

Under a contract to pay $240 rental for a year at $20 a month, each month's rent was a separate and distinct demand; and the landlord could elect to sue therefor separately, and his first suit did not estop him to sue again.

Appeal from Taylor County Court; E. M. Overshiner, Judge.

Suit by J. M. Radford against the Neal Commission Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Cunningham & Sewell, of Abilene, for appellant. Ben L. Cox and W. B. Oliver, both of Abilene, for appellee.

WALTHALL, J. This suit originated in the justice court of Taylor county, and on a rendition of final judgment in that court the case was appealed to the county court. In the county court the case was tried before the court without a jury, and from the judgment there rendered this appeal is prosecuted.

There is no statement of facts filed in this court, but the county court made findings of fact which are in no way questioned by the appellant, and from the court's findings we make a statement of the facts found and nature and result of the suit, sufficient to present the issues involved in this appeal.

Appellee and appellant entered into a contract by the terms of which appellant leased from appellee a building in Abilene, agreeing to pay the sum of $240 for the lease of the building for the year 1915 at the rate of $20 per month, payable at the end of each month; the contract to extend from January 1, 1915, to December 31, 1915. Appellant, in the latter part of December, 1914, notified appellee that it would not occupy the leased building during any part of the year 1915, but appellee refused to release appellant from the lease contract. Appellant did not occupy the building during any part of the lease term, and the building stood vacant during the whole year. Parties applied to appellee to rent the building, but were told that it was leased to appellant for the year, and the proposed renters were referred to appellant. Appellant refused to pay any of the lease money contemplated in the lease contract. Appellee filed suit in the justice court for the sum of $40 for rent due for the months of January and February, 1915, and later, on March 30th, the suit still pending, amended his pleading, so as to recover for the months of March and April, and recovered judgment in the justice court for $80. From that judgment the case was appealed to the county court. On October 29th the case was tried in the county court. The county court sustained appellant's demurrer to appellee's cause of action for the months of March and April, holding that suit was prematurely brought for rent for those months, and on a trial on the merits rendered judgment for appellee for the $40 for rent due for January and February. Appellant paid the judgment. On the 29th of December, 1915, appellee brought suit in the justice court for $20 rent due for March. To this suit appellant filed a cross-action for damages and cancellation of the lease contract. The justice court rendered judgment in favor of appellee for $20, and against appellant on its cross-action, and from that judgment appellant prosecuted its appeal to the county court. Later appellant dismissed its appeal, paid the costs in both courts, and paid appellee the rent due for March. On the 31st day of May, 1916, appellee brought this suit in the justice court for $80 for rents due for April, May, June, and July, 1915, and later amended his pleading, stating the whole amount due to be $180, and to cover the rents for the months of August, September, October, November, and December, 1915.

---

The only part of appellant's answer which we need state asserts the proposition that, if appellant made and entered into the rental contract alleged, same was breached by appellee before January, 1915; that appellant never occupied the rented premises, and had refused to do so, and for that reason appellee's two former causes of action theretofore filed by him, based on the same rental contract, having fully accrued and prosecuted to final judgments, were a bar to the present suit. The trial court stated the facts fuller than we have stated them here, and concluded that appellee was entitled to judgment for the $180, sued for as rent for the months from April to December, 1915, both inclusive, at $20 per month, with interest, and rendered judgment for that amount.

Appellant assigns error to the trial court's conclusion of law and judgment, and asserts the proposition that, the contract sued upon being entire, appellee's cause of action accrued upon the entire contract upon its breach, and that he could maintain but one suit thereon. We do not concur in appellant's view of the law. Each of appellee's two former suits was for rents due upon a contract to pay $240 rental for the year at $20 a month, and was not for damages for a breach of the contract. It has often been held in this state, under similar facts, that each month's rent is a separate and distinct demand. Williams v. Houston Cornice Works, 46 Tex. Civ. App. 70, 101 S. W. 839, 1195, and cases there referred to. Appellee, in bringing his suits, so regarded the contract. In Racke v. Anheuser-Busch Brewing Ass'n, 17 Tex. Civ. App. 167, 42 S. W. 774, the court held that appellee was not estopped by former suit for an installment of rent from bringing a subsequent suit for another installment. The court said:

"She could have brought suit every time an installment of rent accrued."

Appellant's second assignment involves the same proposition as the one discussed, and is overruled.

The case is affirmed.