ORDER OF UNITED COMMERCIAL TRAVELERS OF AMERICA v. DOBBS. (No. 7850.)

(Court of Civil Appeals of Texas. Dallas. Feb. 9, 1918. On Motion for Rehearing, April 13, 1918. On Second Motion for Rehearing, June 29, 1918.)

INSURANCE ☞451(1) — ACCIDENT INSURANCE —EXEMPTIONS—CEREBRAL HEMORRHAGE.

Under an accident policy covering bodily injuries through external, violent, or accidental means, and exempting the insurer from liability for disability caused by cerebral hemorrhage, though caused by accidental means, where insured accidentally fell, striking his head and rupturing a blood vessel in his brain, causing cerebral hemorrhage, which caused partial paralysis and a total disability for eight weeks, he could not recover from the insurer though the accident was the proximate cause of disability.

Appeal from Dallas County Court; T. A. Work, Judge.

Action by William J. Dobbs against the Order of United Commercial Travelers of America. From judgment for plaintiff, defendant appeals. Reversed and rendered.

Smith, Robertson & Robertson, of Dallas, for appellant. J. N. Townsend, of Dallas, for appellee.

RAINEY, C. J. This suit was brought to recover on a policy or certificate of accident insurance issued by appellant to appellee. Appellee alleges that the contract of insurance provided for payment of loss for injury caused by accident. He also alleged that he was caused to fall, his head striking the ground or some hard substance which made an abrasion, causing cerebral hemorrhage, and from which paralysis resulted and he was disabled eight weeks.

Appellant answered by general demurrer, general denial, and specially nonliability for such an accident, as the policy duly exempted it from such by the following provision:

"Benefits under this article shall not cover nor extend to any death, disability or loss * * * nor shall such benefits cover or extend to any of the following conditions whether caused by accidental means or not, to wit: * * * Cerebral or meningeal or spinal hemorrhage. * * *"

A trial resulted in a verdict and judgment against the insurance company, and an appeal was taken by it.

The evidence showed that the plaintiff was watering his flowers and garden plants as was his custom when at home, and while so engaged his feet became entangled in a water hose, and, in attempting to straighten out said hose, plaintiff tripped himself and was thrown to the ground; that as a result of the fall plaintiff's head struck the ground or other hard substance with great violence, causing an external and visible mark of injury; the blow on his head ruptured a blood vessel in his brain, causing a cerebral hemorrhage; the cerebral hemorrhage was caused by said accident alone and independently of all other causes; the cerebral hemorrhage caused the plaintiff to be partially paralyzed and otherwise incapacitated him so that he was totally disabled for a period of eight weeks and five days; that all the disabilities sustained and suffered by the plaintiff in said fall resulted from the cerebral hemorrhage, which said hemorrhage was caused or brought about by such accidental fall.

The policy provides for indemnity against the results of bodily injuries through external, violent, or accidental means. Under the exemptions, it provides as follows:

"The benefits shall not cover or extend to any of the following conditions, whether by accidental means or not," setting out said exemptions, among other things, "cerebral hemorrhage."

The accident to appellee caused "cerebral hemorrhage" from which paralysis was produced, and from which disability resulted to appellee; hence there is no liability for indemnity on appellant's part, as it is exempt therefrom by the terms of the policy. There is no ambiguity in the language of the policy, which is intelligible and comprehensive, and appellant is evidently exempt from the result of cerebral hemorrhage caused by an accidental means.

The taxing of a penalty for attorney's fees against the insurance company was error, as said company is not liable on its contract.

The evidence showing no liability, the judgment is reversed and here rendered for appellant.

Reversed and rendered.

On Motion for Rehearing.

After a reconsideration of our former holding in this case to the effect that appellant is not liable on its policy of insurance and reversing and rendering judgment for it, we have concluded from the current authorities that we were in error in holding that the language in the policy was such as to exempt the appellant, insurance company, under the circumstances from responsibility for the result of the accident to appellee.

The undisputed evidence shows that the disability of appellee lasted for eight weeks and five days, caused "through external, violent or accidental means" as provided by the policy. The policy was a general accident policy expressly insuring against bodily injuries resulting in death, disability, etc., but does not by express language stipulate against liability for bodily injury which might result in cerebral hemorrhage. Not having used some express language to note the exemption, the general insurance clause will be held binding, and the insurance company liable. In support of this proposition we cite Bryant v. Casualty Co., 107 Tex. 582, 182 S. W. 675, L. R. A. 1916E, 945, Ann. Cas. 1918A, 517; Insurance Co. v. Hunter, 30 Tex. Civ. App. 489, 70 S. W. 798; Insurance Co. v. Harvey, 129 Ill. App. 104; Garvey v. Insurance Co., 123 App. Div. 106, 108 N. Y. Supp.

186: Hall v. Association, 86 Wis. 518, 57 N. W. 366; Summers v. Aid Ass'n, 84 Mo. App. 605; Goodes v. Order United Commercial Travelers of America, 174 Mo. App. 330, 156 S. W. 995; Moon v. Order United Commercial Travelers of America, 96 Neb. 65, 146 N. W. 1037, 52 L. R. A. (N. S.) 1205, Ann. Cas. 1916B, 222; Rheinheimer v. Insurance Co., 77 Ohio St. 360, 83 N. E. 491, 15 L. R. A. (N. S.) 245; Omberg v. Association, 101 Ky. 303, 40 S. W. 909, 72 Am. St. Rep. 413; Cary v. Insurance Co., 127 Wis. 67, 106 N. W. 1055, 5 L. R. A. (N. S.) 926, 115 Am. St. Rep. 997, 7 Ann. Cas. 484; Accident Ass'n v. Alexander, 104 Ga. 709, 30 S. E. 939, 48 L. R. A. 188.

The insurance company is claiming exemption on account of an intervening secondary cause, that of hemorrhage, when the loss was caused by paralysis, which resulted from an external bodily injury which was the proximate cause of the disability.

In the case of Insurance Co. v. Hunter, supra, where Hunter was insured in an accident policy against death, "the evidence disclosed that the injury produced rheumatism, and that heart trouble followed therefrom, and death [resulted] from heart trouble." The late Mr. Bookhout, then of this court, said:

"If the rheumatism which produced the death of Hunter was not caused by an accidental injury, then the company is not liable; but if such rheumatism was caused by the accidental injury, and was but a mere link in the chain of causation between the accident and death, then the death is attributable, not to the disease, but to the accident alone."

In this case the appellee's disability is attributable to the injury and the appellant is liable on its policy.

The authorities cited above support the principle announced in the Hunter Case, to which we adhere, and grant the motion for a rehearing and affirm the judgment of the trial court.

### On Second Motion for Rehearing.

At a former sitting in this term of court we reversed and rendered the judgment for appellant in this cause. Subsequently we granted appellee's motion for rehearing and affirmed the judgment of the trial court. Now we are called upon by the appellant to reconsider that action and to reverse and render in its favor.

The point at issue has given us considerable trouble. Both counsel have presented exhaustive and able briefs and arguments and are to be commended for their zeal and efforts. After reconsidering the issue involved and further reviewing the authorities presented, we have concluded that the last construction we have placed upon the contract is not supported by the trend of authorities, i. e., that the clause, exempting appellant from the result of "cerebral hemorrhage." is not broad and comprehensive enough to exempt appellant from liability for the accident. But after a more careful reconsideration of the authorities we have reached the conclusion that said clause does exempt the appellant from liability and that we were wrong in holding that it did not. To illustrate, one of the cases mainly relied on by us for holding said exemption clause was not sufficiently comprehensive to exempt appellant from liability was the case of Insurance Co. v. Hunter, 30 Tex. Civ. App. 489, 70 S. W. 798. In that case suit was brought on an accident policy that had no exemption clause, as in this case, and the conclusions there reached were correct but not applicable here.

We are of the opinion that we erred in granting appellee a rehearing, and now grant appellant's motion for rehearing and return to our original holding reversing and rendering the judgment in favor of appellant.