DOBBS et al. v. ORDER OF UNITED COMMERCIAL TRAVELERS OF AMERICA.
(No. 8633.)

(Court of Civil Appeals of Texas. Dallas. April 8, 1922. Rehearing Denied May 6, 1922.)

1. Judgment ⬅686—Insured's heirs' right of recovery on accident policy subject to same limitations as those imposed on insured.

In action by insured's heirs on accident policy, the right of recovery is measured by the same limitations the law would impose upon the insured were he living and seeking the recovery, as respects binding force of former adjudication in action between insurer and insured.

2. Judgment ⬅686—Denying insured recovery on accident policy held res adjudicata in subsequent action on policy by insured's heirs involving same defense.

Judgment for insurer in insured's action on accident policy, defended on the ground that the disability was not covered by the policy, was res adjudicata in subsequent action by insured's heirs on the policy to recover by reason of such disability for a period subsequent to that involved in the prior action, in which the insurer interposed the same defense as that involved in prior action.

3. Evidence ⬅209, 265(7)—Agreed statement of parties constitutes admission, and precludes parties from denying facts in subsequent action.

An agreed statement of facts constitutes an admission of fact estopping a party from denying facts so admitted in subsequent action involving the same cause of action constituting a memorial of fact against such party.

4. Insurance ⬅665(5)—In action on accident policy, evidence held to prove disability due to a cerebral hemorrhage for which defendant was not liable.

In action on accident policy exempting insurer from liability for disability caused by cerebral hemorrhage caused by accidental means, evidence held to prove that disability of insured during period for which recovery was sought was due to a cerebral hemorrhage.

Appeal from District Court, Dallas County; Kenneth Force, Judge.

Suit by Abbie A. Dobbs and others against the Order of United Commercial Travelers of America. Judgment for defendant, and plaintiffs appeal. Affirmed.

J. N. Townsend, of Dallas, for appellants.
Smith, Robertson & Robertson, of Dallas, for appellee.

HAMILTON, J. This suit was instituted by appellants, as the heirs of W. J. Dobbs, deceased, for recovery under the provisions of an accident insurance policy issued by appellee to W. J. Dobbs in his lifetime. The policy, which was made a part of appellants' petition, insured Dobbs against the results of certain specified bodily injuries effected through external, violent, and accidental means, exclusive of and independent of all other causes. The policy contained numerous specific exemptions, and with reference to these it was agreed that the benefits stipulated in the policy should not extend to them. Among such exemptions was stipulated, in substance, the particular one that the benefits of the policy should not cover or extend to cerebral hemorrhage, whether caused by accidental means or not.

The petition alleged that, while the policy was in force, and the contract evidenced by it was existent, W. J. Dobbs sustained and suffered an accidental bodily injury, within

the meaning of the policy provisions, by accidentally and violently being tripped and thrown to the ground, his head striking a hard substance, which caused paralysis and complete disability and incapacity to work or pursue an occupation, and that this condition existed from the time of the accident until his death. It was alleged that the accident which inflicted the injury occurred on the 12th day of July, 1915, and that Dobbs died on the 27th day of March, 1917. Recovery of $25 per week for 80 weeks was sought. This was 8 weeks and 5 days less than the whole period of alleged disability.

Previously suit had been filed and prosecuted to judgment in the county court of Dallas county for recovery by reason of the total disability during this period of 8 weeks and 5 days. From the judgment recovered by Dobbs in that case the order of United Commercial Travelers of America appealed to this court, and the judgment was reversed, and judgment was rendered denying the recovery. The ground upon which this court based its action was the above-stated provision of the contract to the effect that there should be no liability for a cerebral hemorrhage, whether caused by accident or not. That case was presented to the court upon an agreed statement of facts. The agreed statement of facts submitted to the court in that case contained the following:

"On July 12, 1915, the plaintiff was watering his flowers and garden plants, as was his custom when home, and while so engaged his feet became entangled in a water hose, and in attempting to straighten out said hose plaintiff tripped himself and was thrown to the ground. As a result of the fall plaintiff's head struck the ground or other hard substance with great violence, causing an external and visible mark of injury. The blow on his head ruptured a blood vessel in his brain, causing a cerebral hemorrhage. The cerebral hemorrhage was caused by said accident alone, and independently of all other causes. The cerebral hemorrhage caused the plaintiff to be partially paralyzed, and otherwise incapacitated him so that he was totally disabled for a period of eight weeks and five days, which said total disability began on July 12, 1915, and was continuous from that date during the time stated. All of the disabilities sustained and suffered by the plaintiff in said fall resulted from the cerebral hemorrhage, which said hemorrhage was caused or brought about by the accidental fall above mentioned."

This court, in the opinion reversing and rendering judgment, found as a fact that all the disabilities sustained by Dobbs resulted from the cerebral hemorrhage caused by an accidental fall. The court also found that the cerebral hemorrhage produced paralysis, and otherwise incapacitated Dobbs. United Commercial Travelers v. Dobbs (Tex. Civ. App.) 204 S. W. 468.

In the present case appellee by its answer interposed, among others, the following defenses as a bar to appellant's right of recovery:

(1) That the injuries and disabilities alleged were caused by and resulted from a cerebral hemorrhage, for which reason, under the stipulation of exemption from liability for cerebral hemorrhage expressed in the contract, it was not liable to appellant. This exemption was specially set out in the same connection. (2). The judgment of the Court of Civil Appeals in the former case was pleaded as res adjudicata of the matters and issues presented by this suit and the pleadings, the agreement between the parties as to the facts in the former case, and the judgment therein were also pleaded as an estoppel.

The case was tried before a jury. Under a peremptory instruction a verdict was returned for appellee. Judgment was entered in conformity with the verdict, and from it the appeal is prosecuted.

The following uncontroverted evidence was adduced, as appears by agreement of the parties:

"It is agreed by the parties to this suit, acting herein by and through their duly authorized attorneys of record, that the uncontroverted evidence adduced upon the trial of this cause established the following facts as facts proved in the case, to wit:

"(1) That the plaintiffs herein are the heirs and only heirs of Wm. J. Dobbs, who died intestate at Dallas, Tex.

"(2) That the only rights asserted herein by plaintiffs are those inherited by them from said Wm. J. Dobbs, deceased.

"(3) That on November 12, 1915, Wm. J. Dobbs filed suit against the Order of United Commercial Travelers of America, defendant herein, in the county court of Dallas county at law, Tex., which said suit was numbered 23290 on the docket of said court.

"(a) That said suit was brought by Wm. J. Dobbs on and under identically the same policy of insurance on which plaintiffs sue herein.

"(b) That, in said suit brought by Wm. J. Dobbs, said Wm. J. Dobbs sought to recover weekly indemnities on account of alleged total disability resulting from identically the same accident and injuries as are set out and relied on in plaintiffs' petition herein.

"(c) That the only difference between the petitions in the suit brought by Wm. J. Dobbs and the suit brought by plaintiffs herein is that in the suit brought by said Wm. J. Dobbs plaintiff sought to recover weekly benefits on account of total disability alleged to have been suffered by him covering a period of 8 weeks and 5 days, beginning July 12, 1915, while in this suit plaintiffs, as the heirs of Wm. J. Dobbs, seek to recover weekly benefits for alleged total disability suffered by said Wm. J. Dobbs, beginning 8 weeks and 5 days after July 12, 1915, and extending to the date of the death of said Wm. J. Dobbs. That in all other respects the petitions in the two suits were identically the same.

"(d) That the defendant in said suits is identically the same.

"(4) That the defendant in said suit brought

by said Wm. J. Dobbs pleaded as a defense identically the same matters as are pleaded in defense in this suit, save only that in this suit defendant has pleaded res adjudicata and estoppel, which were not pleaded in defense in the suit brought by said Wm. J. Dobbs.

"(5) That said suit brought by Wm. J. Dobbs, deceased, was tried before the court, without a jury, upon an agreed statement of facts, which was in words and figures as follows, to wit."

From the foregoing it clearly appears, we think, that the judgment of the trial court is correct. The judgment in the county court case, finally entered in this court, is res adjudicata of all the issues of fact and of law in this case.

[1, 2] Since appellants sued as the heirs of W. J. Dobbs their right of recovery is measured and confined by the same limitations the law would impose upon his right of recovery were he living and seeking the recovery. As his privies they succeeded to his precise position in the controversy. In other words, there is an identity of parties and quality of parties in the two cases. The jurisdiction of the county court, and also of the Court of Civil Appeals in the former suit, must be conclusively presumed. In fact, it is not questioned, but is admitted. The cause of action is also the same in this and in the former case. The petition upon which it was sought to be sustained in this case was identical with that in the county court case formerly adjudicated by the Court of Civil Appeals, except that the plaintiffs in the latter alleged themselves to be the heirs of the plaintiff in the former, and the number of weeks of disability for which compensation was sought was alleged to be different, the specific weeks during which disability was alleged in the former suit being excluded from the latter. The injury was alleged to be the same injury in both instances. The same contractual rights and duties were alleged. The cause of action was the alleged right to recover upon the contract expressed in the policy for the same disability resulting from accidental injury in both cases. The cause of action arose upon the contract because of the happening of an accident resulting in disabilities and injuries for which the contract, it was alleged, bound appellee to pay Dobbs weekly compensation. The accident and the resulting disabilities were not themselves the cause of action. They were only elements of fact essential to the support of the cause of action, which was, as stated, the right to compensation for them based upon the contract itself.

The defenses were precisely the same in the cases, except that in the instant case the pleas of res adjudicata and estoppel were added because of the other suit. This being so, and appellants' pleadings being the same, can it be doubted that the issues were identical, or that any proof on the merits to sus-

241 S.W.—13

tain or defeat the cause of action in the one case was not available for that purpose in the other? United Com. Travelers v. Dobbs (Tex. Civ. App.) 204 S. W. 468; Ry. Co. v. Carson, 169 Ill. 247, 48 N. E. 403; Thompkins v. Hooker (Tex. Civ. App.) 200 S. W. 194; State of Oklahoma v. State of Texas, 256 U. S. 70, 41 Sup. Ct. 422, 65 L. Ed. 831.

The cases cited by appellants to overcome the plea of res adjudicata are clearly distinguishable from this case. We have examined them, and conclude that the principle they set forth is not applicable here. Among them are Jones & Co. v. Gammel-Statesman Pub. Co., 100 Tex. 331, 99 S. W. 701, 8 L. R. A. (N. S.) 1197; Meacham v. O'Keefe (Tex. Civ. App.) 198 S. W. 1000; Neal Com. Co. v. Radford (Tex. Civ. App.) 197 S. W. 1052; Whitney v. Parish of Vernon (Tex. Civ. App.) 154 S. W. 266.

[3] Neither can the plea of estoppel be refuted, it seems to us, because of the admissions of fact embodied in the agreed statement of facts upon which the former suit was submitted. The admission there made to the effect that the blow on the head Dobbs received when he fell ruptured a blood vessel in his brain, producing a cerebral hemorrhage, which caused paralysis, etc., is an admission that the paralysis and disability were produced by such hemorrhage. And, although the hemorrhage was caused by accidental means, yet the provision of the policy to the effect that the benefits should not cover or extend to cerebral hemorrhages, whether or not caused by accidental means, operates in connection with the above-mentioned admission as a preclusion of any right in appellants. This admission, being in the form of an agreed statement of facts, acted upon in the former case, is a memorial of fact against appellants which rises to the dignity and contains the force of estoppel by the record. 22 C. J. p. 329 et seq.

[4] Appellants insist that the record contains no evidence that W. J. Dobbs sustained a cerebral hemorrhage during the period from September 12, 1915, to March 27, 1917, the period of disability for which recovery is sought. The agreed statement of facts upon the former trial (in evidence in this case) and the testimony of Dr. J. S. Turner, an expert witness for plaintiffs, fix the fact to be that the paralysis was produced by such hemorrhage, and we think this sufficient to bring the case within the exemption pleaded by appellee. Dr. Turner testified, in answer to a hypothetical question, that in his opinion the person with the symptoms described did not have cerebral hemorrhage, and did not die from it. But, in explanation of his answer, he stated that any hemorrhage which had afflicted the man described had ceased to exist as such if the man could walk about within a few hours after the injury, and was also in a normal state of mind. He also testified

that the paralysis resulted from a blood clot which came from a cerebral hemorrhage. He defined a cerebral hemorrhage to be a rupture of a blood vessel in the cerebrum. He testified, in substance, that in this case the evidence indicated that a blood vessel was ruptured in the right side or right lobe of the brain, because the left side of the body was paralyzed, and that each hemisphere of the brain controls the movements of the side of the body opposite it. He also testified that a hemorrhage can last but a few hours without producing death. It is stopped by the blood congealing and forming a clot. This clot presses against the brain, and the result is paralysis of the opposite side of the body. Such he indicated his opinion to be with reference to Dobbs' affliction. There is no other evidence in the record as to whether or not Dobbs had a cerebral hemorrhage, except the admission in the former trial.

Such being the state of the evidence, it discloses that a cerebral hemorrhage did produce the disability, and accordingly the inhibition of the policy against recovery in such case applies. Hence, even if it could be conceded that the pleas with reference to the former suit were insufficient to defeat a recovery, the evidence is such, it seems to us, independent of them as to justify and sustain the judgment, which is affirmed.

Affirmed.