**SPIVEY v. STRIPLING.**

No. 2389.

Court of Civil Appeals of Texas. Beaumont.
Nov. 25, 1933.

J. J. Collins, of Lufkin, for appellant.

W. T. Davis, of San Augustine, for appellee.

**COMBS, Justice.**

This suit was filed in the district court of San Augustine county by appellant, R. L. Spivey, seeking to recover from appellee, R. N. Stripling, rentals on a store building leased by appellant to appellee. Appellee filed a plea in abatement on the ground of the pendency of another suit which had theretofore been tried and was then pending in this court on appeal which suit involved the same parties and the same subject-matter. Upon a hearing of the plea in abatement, the trial court entered a judgment sustaining it, and this appeal is from that judgment.

The case, the pendency of which in this court was the basis of appellee's plea in abatement, has since been decided. Stripling v. Spivey, 57 S.W.(2d) 173. The rentals sued for in that case were for monthly installments of rent on the same property and accrued under the same contract as in this case, but were for different months. The present suit is for six monthly installments of rent from February 1, 1932, to July 1, 1932, while the prior suit was for rentals which accrued prior to February 1, 1932. In the former case, as in the present one, appellant alleged an oral contract whereby the appellee leased the property on a month to month basis at $125 per month, while the appellee, as defendant in the former suit, alleged a contract for ten years, evidenced by a written memorandum, which contract, as pleaded, entitled him to certain offsets or counterclaims for which he sued by way of cross-action.

It is true, as contended by appellant, that, where a contract provides for the periodical payment of money as for monthly installments of rent, a distinct cause of action arises when each installment falls due. Consequently a separate action may ordinarily be brought for each breach. 1 Tex. Jur. p. 673; 34 C. J. 839; Neal Commission Co. v. Radford (Tex. Civ. App.) 197 S. W. 1052. But where, as in the case before us, it is a matter of dispute between the parties as to what the contract between them was, the cause of action involves more than the mere ascertain-

ment of rental installments due and unpaid. Appellant's right to recover the rentals depends upon the contract. The contract is as much the foundation of his right in the second suit as it was in the first. And, since issue was joined in the first suit on the question of the contract and that suit was still pending on appeal when the plea in abatement was urged in the trial court, the plea was properly sustained.

The case is therefore affirmed. This affirmance is, however, without prejudice to appellant's right to refile his suit for any rentals which may be due him under the contract as finally established in the former suit.